THE SOUTH NORWALK LODGE, No. 709, BENEVOLENT AND PROTECTIVE ORDER OF ELKS, INC. *v.* PALCO HATS, INC.

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 6—decided November 3, 1953

*Harry M. Lessin,* with whom, on the brief, was *Leon R. Nemore,* for the appellant (defendant).

*John Keogh, Jr.,* with whom was *Alfred W. Burkhart,* for the appellee (plaintiff).

BALDWIN, J.   The question presented upon this appeal is whether the court erred in granting an injunction restraining the defendant from interfering with the plaintiff's use of a right of way over the defendant's land.  The action was started in August, 1950, and the basic question is whether the plaintiff had acquired, prior to that time, a right of way by prescription.

The finding, which is not subject to correction, discloses the following facts: Since 1914 the plaintiff has owned land, on which there is a building used as a clubhouse and lodge room, on the west side of South Main Street, South Norwalk. The defendant owns land, with a factory building and gasoline station on it, on the north side of Monroe Street. South Main Street runs substantially north and south and Monroe Street intersects it from the west. The rear of the plaintiff's land abuts the easterly boundary of the defendant's land. The defendant acquired title to its land from Samuel Roodner in 1946. Roodner obtained title in 1929. From 1930 until the defendant purchased the premises in 1946, it leased them from Roodner. Land belonging to the plaintiff back of its building has been used continuously since 1920 as a parking place for the cars of its members. On the defendant's land there has been, since 1914, a driveway extending northerly from Monroe Street to the rear of the property, and since that time the plaintiff has used it under a claim of right. The driveway has been used openly and continuously since 1920 by the members of the plaintiff to reach the parking space in the rear of its building. It has also been used since 1914 by various types of vehicles for the delivery of food, beverages and supplies to the rear of the plaintiff's building. Along the boundary line between the two properties there was originally a fence with gates opening inward toward the plaintiff's land. At one time the plaintiff maintained a lock on these gates. After 1925, when the plaintiff made its building wider and so limited direct access from South Main Street to the rear, the gates and fence fell into disrepair.

Beginning in 1929, when Roodner acquired the property now belonging to the defendant, until 1946,

when he sold it, he knew of the plaintiff's use of his driveway and made several attempts to stop it. He repaired the fence and placed railroad ties in the ground along the boundary line between his property and the plaintiff's in an effort to close off the driveway. The plaintiff, however, removed the fence and the ties, so that there was no interruption in the travel over the way to the rear of its premises. Since the defendant acquired title in 1946 it, too, has attempted to shut off the driveway, but to no avail. Between 1926 and 1938 pedestrians employed the driveway as a short cut from Monroe Street to South Main Street, and employees of the post office located on South Main Street drove their cars over it to reach the rear of that building. Roodner stopped this use. The Banner Bakery owns premises adjoining the defendant's land on the east and the plaintiff's land on the south. Although some vehicles upon occasion passed over the defendant's driveway to reach the rear of the Banner premises, the plaintiff stopped this practice. From these facts, the trial court found that the use of the driveway by the plaintiff had been open, continuous and uninterrupted for more than fifteen years and had been made under a claim of right. It also found that the plaintiff's use was different from that made by others. It concluded that the plaintiff had established a right of way by prescription and enjoined the defendant from interfering with it.

To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. *Peterson* v. *Ramcke,* 140 Conn. 202, 207, 99 A.2d 94; *Dunn* v. *Santino,* 139 Conn. 352, 355, 93 A.2d 726; *Klein* v. *DeRosa,* 137 Conn. 586, 588, 79 A.2d 773; General Statutes § 7130. Whether these

requirements have been met in a particular case presents primarily a question of fact. *Klein* v. *DeRosa,* supra, 589. The finding that the plaintiff had used the driveway under a claim of right since 1914 disposes of the defendant's claim that the date when the use first became hostile was not established.

The defendant claims that it and its predecessors in title acted repeatedly to stop the use of the driveway by the plaintiff and so forestalled its adverse user. The trial court found, however, that these attempts were insufficient to interrupt the continuity of the use because each time the defendant and its predecessors in title placed any barriers in the way they were removed by the plaintiff. The repeated throwing down of these barriers and the continuing user in spite of them furnish evidence of the plaintiff's assertion of its right. At no time did Roodner or the defendant employ the means prescribed by statute to prevent the acquisition of a prescriptive right. General Statutes §§ 7131, 7132, 7133, 7134.

The defendant claims that the use of the driveway by the plaintiff from 1930 to 1946, the period during which the defendant occupied the premises as Roodner's tenant, was ineffectual to establish a right of way as against Roodner. It invokes the rule that a prescriptive right cannot be acquired against a person who is under a disability to resist the running of the statute. 4 Tiffany, Real Property (3d Ed.) § 1152; 2 Walsh, Real Property, p. 608; 32 Am. Jur. 45, § 22; 17 Am. Jur. 970, § 58; 28 C.J.S. 644. The defendant also relies upon the principle that the basis of a prescriptive right is the presumption of a lost grant and that a tenant who has only an estate for years cannot grant an easement which is absolute and not limited to any term. In short, a tenant cannot be presumed to have granted a larger estate than

he himself has. *Twiss* v. *Baldwin,* 9 Conn. 291, 305; note, 3 Eng. Rul. Cas. 33, 34; see *Wheaton* v. *Maple & Co.,* [1893] 3 Ch. 48. The first principle is not operative upon the facts of this case because Roodner, the landlord, was under no disability to assert his rights. The trial court found that he knew of the plaintiff's use of the driveway but failed to employ the statutory remedy available to him, to which reference has been made heretofore. See *Reimer* v. *Stuber,* 20 Pa. 458, 463. The second principle is not applicable because the prescriptive right was running while Roodner and his predecessors, who were capable of making a permanent grant, were in possession, and so began long before the defendant took possession under its lease. 4 Tiffany, loc. cit.; 2 Walsh, op. cit., p. 610; *Hubbard* v. *Swofford Bros. Dry Goods Co.,* 209 Mo. 495, 505, 108 S.W. 15; *Sutton* v. *Clark,* 59 S.C. 440, 451, 38 S.E. 150. This claim is without merit.

The defendant also claims that the plaintiff's use was in common with and no different from that made by the public. To establish an independent prescriptive right when an individual use is in common with a public use, the individual user must perform some act to the knowledge of the servient owner indicating his individual claim of right. *Peterson* v. *Ramcke,* 140 Conn. 202, 207, 99 A.2d 94. The finding discloses that the use made by the plaintiff was patently different from that made by others. It also appears that while Roodner was successful in preventing the use of the driveway by the public, he met with determined resistance from the plaintiff and, further, that he in fact knew of the plaintiff's individual claim of right. Th fact that the use made by the plaintiff was a special one enjoyed as an appurtenance to its property and the fact that the plaintiff used and

controlled the gates and repeatedly removed barriers placed to prevent the use of the driveway bespeak an individual claim of right distinct from that of all others. *Missionary Society* v. *Coutu,* 134 Conn. 576, 583, 59 A.2d 732. The defendant takes nothing by this claim.

The conclusion of the trial court, based upon a finding which cannot be disturbed, warranted its action in issuing the injunction.

There is no error.

In this opinion the other judges concurred.