## GREGORY'S, INC. *v.* ABRAHAM BALTIM ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued March 2—decided April 18, 1955

*Joseph Bernblum,* with whom was *Florence Brod-man,* of the New York bar, for the appellant (plaintiff).

*Joseph Weiner,* with whom, on the brief, was *William Gitlitz,* for the appellees (defendants).

WYNNE, J.  The question presented upon this appeal is whether the court erred in deciding that the defendants have a right of way by prescription over the plaintiff's land.  The action was started in July, 1953.  In it the plaintiff sought an injunction compelling the defendants to remove a portion of the steps affording front entrance to the defendants' building which the plaintiff claimed encroached upon its property.  The plaintiff also sought to enjoin the use by the defendants of a portion of the plaintiff's land as a means of ingress and egress to and from their building.

The finding, which is attacked in a number of particulars, sets forth the following facts: The plaintiff is the owner of land, upon which a gasoline station is situated, at 112-114 New Haven Avenue, Milford.  The defendants are the owners of land and a three-family dwelling house, known as 106 New Haven Avenue, adjoining the west and northwest boundary of plaintiff's premises.  The portions of these two parcels involved in the present case were formerly a single parcel owned by one John Corradino.  In 1930, while Corradino owned this parcel, his tenants at 106 New Haven Avenue, Joseph and Carl T. Viola, built a cement walk which led from the public sidewalk to the front steps of the house.  In 1935 Corradino divided his parcel and conveyed to the Sunfield Company that portion of it which is now owned by the plaintiff.  The correct description of the property conveyed to the Sunfield Company is contained in a map prepared simultaneously with the conveyance and filed in the office of the Milford town clerk.  It there appears that the frontage conveyed to the Sunfield Company extended directly in front and beyond to the west of the building at 106 New Haven Avenue and that the

diagonal property line of the Sunfield property cut across the walk that had been constructed by the Violas. The defendants, their predecessors in title and all tenants and their families occupying the premises known as 106 New Haven Avenue have used the walk to the front steps of the premises as a means of ingress to and egress from the premises continuously, uninterruptedly, notoriously, openly and adversely since 1935 to the date of the commencement of this action, or for more than fifteen years.

The trial court concluded that the defendants had established a right of way by prescription over the portion of the walk located on the plaintiff's land. It also found that, as a result of construction in 1950, a small corner of the defendants' steps rested on the plaintiff's land. It ordered a discontinuance of this trespass and awarded nominal damages. This latter aspect is not involved on this appeal, but only the conclusion as to the right of way by prescription over that portion of the walk lying within the plaintiff's bounds.

The assignment of errors first concerns the court's refusal to find facts, claimed to be material, as set forth in twelve paragraphs of the draft finding, and in finding facts, as set forth in eight paragraphs of the finding, without evidence or against evidence. A joint appendix was filed by the parties. The appendix clearly shows that, upon conflicting evidence and reasonable inferences drawn therefrom, the trial court was justified in making the finding. The subordinate facts are not subject to correction. It appears that the court made an inspection of the premises and was in a position to draw a reasonable inference, not only from the evidence taken in court but also from a view of the physical situation, that

the walk was generally and continuously used. *D'Amato* v. *Weiss,* 141 Conn. 713, 716, 109 A.2d 586. From 1935, when the plaintiff's predecessor in title obtained its parcel, more than fifteen years had elapsed during which time tenants at 106 New Haven Avenue had made continuous use of the walk in question. It was not illogical for the court to conclude that such user had ripened into a prescriptive right. It was not until March, 1953, that use by the defendants and the tenants of the walk was interrupted by the plaintiff's placing of cars across it. By this time this was a gesture of no legal significance.

To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. *Peterson* v. *Ramcke,* 140 Conn. 202, 207, 99 A.2d 94; General Statutes § 7130. Whether these requirements have been met in a particular case presents a question of fact. *Klein* v. *DeRosa,* 137 Conn. 586, 589, 79 A.2d 773. The plaintiff claims that the defendants have failed to establish that the user was "adverse and under a claim of right." It points to the testimony of Baltim, one of the defendants, and of Viola and Naumann, two of Baltim's predecessors in title, and argues that it must be inferred from their declarations that they made no claim of right to use the walk. The requirement that the user must be exercised under a claim of right does not necessitate proof of a claim actually made and brought to the attention of the owner of the fee. It means nothing more than a user "as of right," that is, without recognition of the right of the landowner, and that phraseology more accurately describes it than to say that it must be "under a claim of right." *Phillips* v. *Bonadies,* 105 Conn. 722, 726, 136 A. 684. Where there is no proof of an express

permission from the owner of the servient estate, on the one hand, or of an express claim of right by the person or persons using the way, on the other, the character of the user, whether adverse or permissive, can be determined as an inference from the circumstances of the parties and the nature of the user. *Poliner* v. *Fazzino,* 105 Conn. 350, 355, 135 A. 289; *Phillips* v. *Bonadies,* supra, 727. A finding that the user in the instant case was adverse and made under a claim of right could legally be reached. The conclusion that the defendants and their predecessors in title had used the walk under a claim of right since 1935 disposes of the case.

A trier has a wide latitude in drawing an inference that a user was under a claim of right. *Sachs* v. *Toquet,* 121 Conn. 60, 66, 183 A. 22. In the case at bar, the trial court inspected the premises and saw the walk. It had been built when the properties were owned by a single owner, and it was in use at the time of the severance of ownership. While it is true that a user by tenants does not accrue to the benefit of their landlord unless it can be said to have been under and by virtue of the lease, the circumstances here are such as not to invoke that principle. At no time did the plaintiff or its predecessor in title employ the means prescribed by statute to prevent the acquisition of a prescriptive right. General Statutes §§ 7131-7134. It sufficiently appears from the appendix that the subordinate facts in the finding are supported by evidence. The subordinate facts and the court's inspection of the premises indicate that the court's conclusion was logically drawn.

There is no error.

In this opinion the other judges concurred.