CHARLES Y. ANDRZEJCZYK ET AL. *v.* ADVO SYSTEM, INC.

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 10—decided May 26, 1959

*Jacob Bresnerkoff,* for the appellant (defendant).

*David M. Barry,* with whom was *William C. Bieluch,* for the appellees (plaintiffs).

BALDWIN, J. The defendant has appealed from a judgment enjoining it from erecting a fence which prevents the plaintiffs from using a driveway which

is in part on the defendant's land and in part on land of the plaintiffs and extends from the street to the rear of their premises.

The defendant seeks extensive corrections in the finding, but none are warranted which could alter the trial court's conclusions. A summary of the facts follows: On May 25, 1956, the plaintiffs acquired title to a parcel of land on the west side of John Street in Hartford known as Nos. 9-11. It has a frontage of 48 feet on the street and a depth of approximately 120 feet. The northerly side of a building on it is about three feet south of the north boundary line. The plaintiffs acquired the property from Kalman Temkin, who had taken a bond for a deed of it in 1953 from Max Mitnick and Melvin S. Katz, trustees. Mitnick had managed the property for Temkin until May 21, 1956, when title was passed to Temkin. Mitnick and members of his family had owned the property since 1907. The defendant had acquired the premises to the north from John J. Barry and Daniel C. McIntyre on December 13, 1956. Barry and McIntyre had owned it since 1927. These premises, known as Nos. 15-17 John Street, had a frontage on the street of 45 feet and a depth of approximately 125 feet. When the defendant purchased them, they included a building the southerly side of which was located about five to six feet north of the boundary line between the defendant's property and that of the plaintiffs. The area between the two buildings extended from the street to their rear and had been used as a common driveway since 1939. Both buildings were occupied for commercial and residential uses, and there was a parking area for automobiles in the rear of each. Tenants in both buildings used the driveway to reach these parking areas. Trucks delivering oil to the plaintiffs' tenants

also used it. Barry and McIntyre had conducted a plumbing business on their premises, and their trucks and those of their customers had used the driveway continuously. The driveway existed long before 1927. After Barry and McIntyre acquired the property they, with Mitnick, constructed a board fence on the mutual boundary line, but the fence deteriorated and by 1939 had completely disappeared. There had been no obstruction in the driveway to prevent its use by motor vehicles after 1939 until June 18, 1957. After the defendant took title, it razed the building on its land and built a fence along the boundary line between the two properties. This fence prevented the use of the driveway and precipitated the present action, the writ in which is dated June 18, 1957. Barry and McIntyre had not at any time taken action as prescribed by §§ 47-38 to 47-40 of the 1958 Revision to dispute the use of the driveway, nor had the defendant. The trial court found that the plaintiffs and their predecessors in title had acquired a right of way by prescription.

To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. Rev. 1958, § 47-37; *Zavisza* v. *Hastings*, 143 Conn. 40, 45, 118 A.2d 902; *Gregory's, Inc.* v. *Baltim*, 142 Conn. 296, 299, 113 A.2d 588; *South Norwalk Lodge* v. *Palco Hats, Inc.*, 140 Conn. 370, 373, 100 A.2d 735; Jones, Easements §§ 164, 269. Whether these requirements have been met in a particular case is primarily a question of fact. *Gregory's, Inc.* v. *Baltim*, supra; *South Norwalk Lodge* v. *Palco Hats, Inc.*, supra, 374; *Klein* v. *DeRosa*, 137 Conn. 586, 589, 79 A.2d 773. The defendant asserts that the plaintiffs failed to prove that the use of the driveway was under a claim of right. The court

found as a fact that the plaintiffs and their predecessors in title had used the driveway as "owners of a right of way and under a claim of right." This finding is attacked, as is also the court's conclusion that the plaintiffs and their predecessors in title had acquired a right of way by prescription. It is true that two of the plaintiffs' predecessors in title, Mitnick and Temkin, testified that they had not claimed a right of way. Their testimony was equivocal. In 1948, Mitnick, while he as part owner was in charge of the property for himself and others in his family, had attempted without success to make an agreement with Barry and McIntyre to pave the driveway. Because the attempt failed, Mitnick ordered a survey for the purpose, he claimed, of erecting a fence. After the survey, he put up posts, but no fence was built. Mitnick's conduct was consistent with an effort to fix the boundary line or to compel his neighbors to agree to pave the driveway. Although Mitnick had denied that he had claimed a right of way, Temkin testified, nevertheless, that he used the driveway while he was a tenant of Mitnick and claimed "permission on the ground . . . [that he] was a tenant of the building." The posts erected by Mitnick remained only overnight, and the owners and tenants of both buildings continued to use the driveway continuously and without interruption. The term "under a claim of right" means no more than a user "as of right," that is, without recognition of the rights of the owner of the servient estate. *Phillips* v. *Bonadies,* 105 Conn. 722, 726, 136 A. 684; *Zavisza* v. *Hastings,* supra; *Gregory's, Inc.* v. *Baltim,* supra. In the instant case, the court could properly draw the inference from the situation of the parties and the nature and extent of the user that it was in fact adverse and under a claim of right.

*Gregory's, Inc.* v. *Baltim,* supra, 300; *Poliner* v. *Fazzino,* 105 Conn. 350, 355, 135 A. 289; *Phillips* v. *Bonadies,* supra, 727.

The defendant claims that the use of the driveway by Temkin before he acquired title and by the tenants in the plaintiffs' building after 1939 could not establish a user which would inure to the benefit of the owners of the property, because it was not shown that the leases to the tenants included the use of the driveway. The defendant relies upon *Deregibus* v. *Silberman Furniture Co.,* 121 Conn. 633, 637, 186 A. 553. Whether the use of the driveway was included in the leases to the tenants is a question of fact. Such a right need not necessarily be expressed; it can be implied from all the circumstances. *Deregibus* v. *Silberman Furniture Co.,* 124 Conn. 39, 41, 197 A. 760; *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 A. 408. The court found that tenants occupying the two buildings used the driveway to go to the rear, where they parked their cars. Barry and McIntyre as well as Mitnick and Temkin apparently tolerated this use, and Barry and McIntyre took no steps under the statutes to dispute it. Rev. 1958, §§ 47-38—47-40. The use by others to make deliveries to the rear of the premises must be considered along with the use by the tenants. Furthermore, there is adequate ground for the inference that the use of the driveway and parking space in the rear of the two buildings was under a privilege accorded to the tenants by virtue of their leases. Evidence of such a use is competent to establish a user for prescriptive purposes. *Klein* v. *DeRosa,* 137 Conn. 586, 590, 79 A.2d 773; see *Gregory's, Inc.* v. *Baltim,* supra; *Missionary Society* v. *Coutu,* 134 Conn. 576, 581, 59 A.2d 732.

The defendant claims further that since there is

434

no proof that Mitnick personally used the area or driveway, claimed any right of way in it, or transferred any such right to Temkin, there is no privity shown between the plaintiffs' predecessors in title and therefore no continuous user. See *Bradley Fish Co.* v. *Dudley,* 37 Conn. 136, 144. It does not appear that the right of way was mentioned in any of the deeds of conveyance in so much of the plaintiffs' chain of title as is involved in this case. However, the usual phrase in a deed conveying land "with the appurtenances thereof" is sufficient to grant any rights acquired by prescription and to establish privity between successive possessors of the dominant estate. *Zavisza* v. *Hastings,* supra, 46. The defendant's final claim is that the plaintiffs, by allowing the parking of six cars behind their building when an ordinance of the city of Hartford allowed only five under the circumstances, comes into court seeking equitable relief with unclean hands. This doctrine has no application to this case. The plaintiffs were not relying upon a use which constituted illegal parking to establish their case. *Samasko* v. *Davis,* 135 Conn. 377, 383, 64 A.2d 682; see *Lyman* v. *Lyman,* 90 Conn. 399, 406, 97 A. 312; *Gray* v. *Graham,* 87 Conn. 601, 607, 89 A. 262.

There is no error.

In this opinion the other judges concurred.