[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action seeking a permanent injunction prohibiting defendants from restricting or obstructing their use of a common driveway. The defendants counterclaimed for a declaratory judgment determining any prescriptive rights to the common driveway, as well as money damages and an injunction preventing plaintiffs from entering upon their property.
Based on a preponderance of the credible evidence, the court finds the following material facts proven:
The plaintiffs have continuously owned and occupied the house and attached garage at 51 Del Terrace, Meriden, CT since October 12, 1972. The defendants have continuously owned and occupied the house and attached garage at 47 Del Terrace since November 20, 1979. Plaintiffs' predecessor in title was Claribel Swenson (1941-1972). Defendants' predecessors in title were David Wolkowicz et ux. (1977-1979) and James Donahue (1971-1977).
The two houses, located on the west side of Del Terrace, are adjacent to each other. The garages of both houses are attached to the rear of the houses the garage at 47 Del Terrace facing south, and the garage at 51 Del Terrace, facing north.
In September 1971, and prior thereto, a common driveway existed between the two houses. The driveway, at the street, is approximately twelve feet wide, nine feet being on the plaintiffs' property and 2-1/2 to 3 feet on the defendants' property. The portion of the paved area between the garages on the defendants' property measured approximately twenty-two feet north and south, CT Page 2455 and 10-13 feet east and west, the latter measurement being the width of their garage.
From 1971 to June 1990, the owners of both 47 and 51 Del Terrace used the common driveway and paved area for access to their respective properties and garages. None of the owners, including plaintiffs and defendants, ever asked or received permission to use the driveway or the paved area between the garages, but, instead, did so under a claim of right.
At the time the Goulds purchased the property, the physical layout and use of the driveway were sufficient to notify them that the plaintiffs used the driveway and paved area under a claim of right. Prior to June 1990, neither the parties to this action nor their predecessors in title interfered with or restricted the mutual use of the driveway; nor did anyone serve statutory notice disputing the easement. All snow removal, maintenance and repaving of the driveway and paved area was shared equally by the parties and their predecessors in title.
On or about June 20, 1990 the defendants caused the portion of the driveway and paved area located on their property to be plowed up and a temporary barrier and ditch to be constructed preventing the plaintiffs from using the common driveway and paved area between the garages.
The defendants intend to prevent the plaintiffs from using the portion of the formerly paved driveway and paved area which exists on defendants' property.
The plaintiffs and defendants, and their predecessors in title, have used for ingress and egress, the paved driveway and paved area between the garages located on the property of the other, for more than fifteen (15) years in an open, visible and continuous manner. Neither the plaintiffs' nor the defendants' deeds mention any right of way over either property.
In August, 1989, in defendant's absence, Mrs. Nissen struck the defendants' garage with her car, a fact which she admitted to Mr. Gould, causing damage in the amount of $350.00, which she agreed to pay.
It is well established that, to acquire a right of way by prescription, the plaintiffs must prove that their use has been open, visible, continuous and uninterrupted for fifteen years as well as adverse and made under a claim of right. Wadsworth v. Zahariades, 1 Conn. App. 373 (1984); Robert Weiss Co. v. Mullins, 196 Conn. 614 (1985); Reynolds v. Soffer, 190 Conn. 184
(1983). The term "under a claim of right" means "without recognition of the rights of the owner of the servient estate." CT Page 2456 Andrejczyk v. Advo System, Inc., 146 Conn. 428 (1959).
Where there is neither proof of an express permission nor proof of express claim of right, ". . . the character of the use, whether adverse or permissive, is left to be determined as an inference from the circumstances of the parties and the nature and character of the use." Phillips v. Bonadies, 105 Conn. 722, 727
(1927). Whether possession is adverse is a question of fact for the trier. Andrejczyk v. Advo System, Inc., supra. 431. "Adverse possession is made out only by clear and positive proof. Wadsworth Realty Co. v. Sundberg, 165 Conn. 457, 462 (1973). The burden of proof is on the plaintiffs to show by a fair preponderance of the evidence that the use was adverse. It is not: necessary that a claim actually be made and brought to the attention of the fee owner. Weiss v. Mullins, 196 Conn. 614
(1985).
To be effective, a prescriptive right must be defined in terms of its boundaries with reasonable certainty. Reynolds v. Soffer, supra; Kaiko v. Dolinger, 184 Conn. 509 (1989). If a trial court cannot determine the bounds to a reasonable degree of certainty, a judgment for a prescriptive easement would be invalid. Wadsworth v. Zahariades, supra at 377. There is no presumption of permissive use to be overcome by the plaintiffs. Reynolds v. Soffer, supra.
By virtue of the facts found, it is clear — and not disputed by the defendants — that the use by the plaintiffs and their predecessors of the portion of driveway and paved area in question was open and visible and that it was continuous and uninterrupted for a period exceeding fifteen years. The corresponding use by the defendants and their predecessors of the driveway and paved area on plaintiffs' land also met the same standard.
The parties agree that the main issues in contention are whether the use was adverse and under claim of right as distinguished from permissive use and whether any prescriptive right of way can be reasonably determined. As to the first issue, there was no evidence of express permission between the parties. Neither does the evidence lend itself to a finding of implied permission. To the contrary, the court infers from the nature of the parties' use that they and their predecessors understood that they had a right to use the driveway and paved area between the two garages. The defendants, themselves, never sought permission to use the plaintiffs' property nor ever gave permission to plaintiffs. The manner in which the defendants raised the issue of dividing the driveway supports this interpretation as does the physical layout of the driveway as a common undivided area. Both parties' use of the driveway and paved area on property of the other was adverse and made under claim of right. CT Page 2457
The second issue raised by the defendants is whether any prescriptive right of way can be reasonably determined. In the present case, the evidence serves to locate the boundaries with sufficient certainty. The paved portion of driveway and area in front on the Nissen garage remains. The evidence established that an additional 2-1/2 to 3 feet of driveway existed on the defendants' property prior to its removal. The defendants testified that they removed paved area approximately 22 feet by 10-13 feet in front of their garage, extending to their south property line and to the paved area on the plaintiffs' property. From the evidence, the court is able to find that the area of prescriptive use to which plaintiffs are entitled consists of that portion of driveway previously paved, 2-1/2 to 3 feet in width, extending from the Nissen property line onto the Gould property together with an area extending the width of the Gould garage to the Nissen property line where the pavement now exists.
Accordingly, the court orders the following relief sought by the complaint:
1) Defendants are hereby permanently enjoined and prohibited from erecting any fence or other obstruction on their property which in any way interferes with plaintiffs' use of the common driveway, and an area the width of the defendants' garage and extending southerly to the paved area in front of the plaintiffs' garage.
2) Defendants are further ordered to restore the common driveway and paved area between the garages to substantially the condition existing before June 20, 1990, said restoration to be completed no later than May 20, 1991. In the event that said restoration is not completed by said date, no reasonable cause being shown, defendants shall be fined $50.00 for each day said work is not completed.
As to the counterclaim, a declaratory judgment may issue as follows with respect to the prescriptive rights of way of the parties:
A prescriptive right of way exists in favor of the defendants (counterclaim plaintiffs) over the portion of the paved common driveway located on land of the plaintiffs (counterclaim defendants) as well as over the paved area the width of the plaintiffs' garage and extending northerly to the defendants' property line.
A prescriptive right of way exists in favor of the plaintiffs (counterclaim defendants) over the portion of the common driveway, (paved until June 20, 1990) located on land of the defendants CT Page 2458 (counterclaim plaintiffs) as well as over the formerly paved area the width of the defendants' garage and extending southerly to the plaintiffs' property line and the paved area in front of the plaintiffs' garage.
In addition, the defendants (counterclaim plaintiffs) are entitled to recover the sum of $350. from the plaintiff, Catherine Nissen, as reasonable damages caused by the trespass which occurred in August, 1989. Lake Garda Improvement Assn v. Battistoni, 160 Conn. 503 (1971).
Accordingly, judgment is entered in favor of plaintiffs on the complaint and in favor of defendants on the counterclaim.
BARRY R. SCHALLER, JUDGE