[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, claiming title by adverse possession to a parcel of land, came to this court by writ summons and complaint, dated December 9, 1987, and returnable January 19, 1988. Thereafter, the plaintiffs amended their complaint on January 29, 1988, and again on April 26, 1988, in order to include and cite in as party defendants, George and Penta Weeks. Plaintiffs' second amended complaint, dated March 22, 1988, was returnable April 26, 1988.
The plaintiffs claimed a judgment determining the rights of the parties in and to that parcel of land described in their complaint thereby settling the title to said parcel.
During the presentation of the plaintiffs' case in chief, only the plaintiff, Missak Santourian, prosecuted its claim. The co-plaintiff, Edith Santourian, was present in court but did not testify.
After hearing the testimony of the plaintiffs and after examining the exhibits submitted by the plaintiffs, and after the plaintiffs had rested their case in chief, the defendants, Barbara Gerlach, et al., Penta Weeks, et al. and Joseph Mastrolillo, joined in a motion for a directed verdict. The court will consider this motion to be a motion, pursuant to Practice Book, Sec. 302, as a request for dismissal in a court case for failure to make out a prima facie case.
The plaintiffs, Missak and Edith Santourian, purchased on or about February 18, 1971 a parcel of land. Title was taken by warranty deed and subject to "any state of facts which an accurate survey or physical inspection of the premises might reveal." The plaintiff, Missak Santourian, testified that he did not move into the property until after "major rehabilitation" which took two to three years. He further testified that he had occupants on the property who were caretakers and/or tenants. Although he claims that no one other than his wife travelled on the property, The court finds that the defendants, Barbara Jean Gerlach, Joseph Mastrolillo and Penta Weeks, did in fact travel on the CT Page 4761 property without restriction and without any adverse interference by the plaintiffs.
The court finds that at no time in February of 1971 to the present did Mr. or Mrs. Santourian take action to prevent others from using the strip of land as a travel way, other than posting of no trespass signs. Although Mr. Santourian apparently made some improvements on the travel way, he was only present on the premises for approximately one year continuously between 1989 and 1990. At no time did Mr. Santourian ever attempt to stop or prevent people (which he referred to as trespassers) from using the travel way which the plaintiffs are claiming in this action.
The court did not receive evidence which would allow it to make a finding of when the use began by the Santourians, and hence no prescriptive rights can be acquired. "The essential elements of a right of way by prescription are a use which is open and visible, continuous and uninterrupted for fifteen years, and engaged in under a claim of right." Zavisza v. Hastings, 143 Conn. 40. To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. Gregory's, Inc. v. Baltim, 142 Conn. 296.
After a review of the testimony of all of the parties and the exhibits presented in the case, the court finds that the plaintiff has failed to prove that he is entitled to acquire by the adverse use or enjoyment thereof, an easement over the property described in paragraph one of his amended complaint on the strength of his own title and not on the weakness of the title of others to the claimed property.
The plaintiff failed to make out a prima facie case to substantiate its claim and the court, therefore, enters a judgment of dismissal.
RODRIGUEZ, J.