[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONPLAINTIFF'S MOTION TO STRIKE
In ruling on the pending plaintiff's Motion to Strike Defendants' Special Defense and Counterclaims dated March 21, 1994, the court has not considered the attachments appended to defendants' Objection to Motion to Strike dated April 27, 1994, as they seek to introduce matters into consideration which are not properly before the court. Practice Book § 152. The attachments are ordered stricken from the record.
The court takes all of the allegations at issue to be true as it analyzes their legal sufficiency. County FederalSavings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582,585 (1985). The facts are construed in a light most favorable to the pleader. Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 42 (1985).
1. Plaintiff's motion to strike defendants' special defenses #1, alleging that the complaint is uncertain and fails to state a cause of action, as to the First and Second Counts, is granted. The complaint alleges sufficient facts to state a cause of action. Moreover, defendants' claim is properly raised not as a special defense, Practice Book § 152, but as a motion to strike. In re Baskin's Appeal from Probate, CT Page 5310194 Conn. 635 (1984).
2. Plaintiff's motion to strike defendants' special defenses #2, alleging unclean hands, as to the First and Second Counts is granted. These special defenses do not adequately allege a direct nexus between the alleged conduct and the conduct which is the basis of the lawsuit. Lyman v. Lyman, 90 Conn. 399,406 (1916). See also DeCocco v. Beach, 174 Conn. 29,35 (1977).
3. Plaintiff's motion to strike defendants' special defense #3, alleging laches, as to the First and Second Counts, is denied. Construing the allegations of the revised answer and counterclaim most favorably to defendants, an allegation for laches is properly made out. Berin v. Olson, 183 Conn. 337,344 (1981).
4. and 5. Plaintiff's motion to strike defendants' special defenses #4 and #5, as to the First and Second Counts, alleging statute of limitations, is denied.
6. Plaintiff's motion to strike defendants' special defense #6, alleging that plaintiff does not have title to the lake, is denied.
9 and 10. Plaintiff's motion to strike defendants' special defenses #9 and #10, alleging title by adverse possession and through an easement by prescription, is granted.Goldman v. Quadrato, 19 Conn. Sup. 80 (1955); Matto v. DanBeard, Inc., 15 Conn. App. 458 (1988); Andrzejczyk v. Adro Systems,Inc., 146 Conn. 428 (1959).
Counterclaims
1. The first count of the counterclaim, alleging harassment, is ordered stricken by agreement.
2. The motion to strike the second count of the counterclaim, alleging assault, is denied.
3. The motion to strike the third count of the counterclaim, alleging a CUTPA violation, is granted. Jackson v.R.G. Whipple, Inc., 225 Conn. 705, 727 (1993).
4. The motion to strike the fourth count of the counterclaim, CT Page 5311 alleging intentional infliction of emotional distress, is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT