[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 6, 2000, the defendant filed its motion for summary judgment and a supporting memorandum of law in the above captioned matter. The plaintiffs filed no documents in opposition to the defendant's motion as provided in Practice Book § 17-45. At oral argument, the plaintiffs requested that they be allowed to submit documents in opposition to the motion for summary judgment. The court requested counsel for the parties to submit memorandum on the question of whether the court should consider any documentation submitted after oral argument on October 23, 2000, with respect to the defendant's summary judgment motion.
THE LATE FILINGS
Practice Book § 17-45 states that "[t]he adverse party [to the motion for summary judgment] prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." The court may excuse the filing requirement of contrary documentation by the non movant. Pepe v. New Britain,203 Conn. 281, 288 (1987). The court, however, is not required to consider materials filed late. The recent amendments to Practice Book § 17-45, effective January 1, 2001, requires parties opposing a summary judgment motion to file opposing documentation five (5) days before the date the motion is to be considered. Clearly, the intent is encourage earlier filing in fairness to the court and the parties. Accordingly, because this motion was set down for short calendar on Monday, October 23, 2000, this court will not consider any documentation filed after October 20, 2000, the Friday prior to the date of argument. CT Page 15001
STANDARD OF REVIEW
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way". Miller v. United Technologies Corp.,233 Conn. 732, 751 (1995). [S]ummary judgment should be rendered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment. . . . the evidence [must be viewed] in the light most favorable to the nonmoving party. (Citations omitted.) Dowling, Sr. v.Finley Associates, Inc., 248 Conn. 364, 369-70 (1999). "A genuine issue has been variously described as a triable, substantial or real issue of fact. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) United Oil Co., Inc. v. UrbanRedevelopment Commission, 158 Conn. 364, 378-79 (1969).
As noted above the plaintiffs failed to file any documentation prior to the date of the hearings in opposition to the defendant's motion for summary judgment. A failure to file opposing documentation does not mean that the nonmovant is consenting to the motion for summary judgment.Gagnon v. Siemiatkoski, Superior Court, judicial district of New London at New London, Docket No. 514706 (October 22, 1991, Koletslcy, J.). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. I v. Insurance Co. of Pennsylvania, 231 Conn. 756, 795
(1995).
The basis of the defendant's motion is the affidavit of Richard A. Weigold, one of the plaintiffs' predecessors in title, which purports to demonstrate that because no open and notorious use of the claimed easement occurred during the time Mr. Weigold owned the property, the plaintiff cannot claim a prescriptive easement. (See Def.'s Mem. of Law in Support of Motion for Summary Judgment at 5; and Exh. A to Mem. of Law in Support of Mot. for Summary Judgment.) It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. United Oil Co. v. UrbanRedevelopment Commission, supra, 158 Conn. 380. "[Practice Book §17-46] sets forth three requirements necessary to permit consideration of material contained in affidavits submitted in a summary judgment proceeding. The material must: (1) be based on `personal knowledge'; (2) constitute facts that would be admissible at trial; and (3) affirmatively CT Page 15002 show that the affiant is competent to testify to the matters stated in the affidavit." Barrett v. Danbury Hospital, 232 Conn. 242, 251 (1995).
In ruling upon a motion for summary judgment, "the test is whether a party would be entitled to a directed verdict on the same facts." Sherwoodv. Danbury Hospital, 252 Conn. 193, 202 (2000). It is unclear from the defendant's documentation how Mr. Weigold, as a landlord, could have "personal knowledge" of all the activities of his tenants relative to their method of "parking" or "access between" the street and the driveway. Thus, the court cannot conclude that the defendant adduced evidence sufficient for this court to direct a verdict in its favor.
Furthermore, whether the requirements for a prescriptive easement have been met in a particular case is primarily a question of fact and the requirement may be met even if plaintiff's predecessors in title have not claimed the easement. (Citations omitted; internal quotations omitted.)Andrzejczyk v. Advo System, Inc., 146 Conn. 428, 431-32 (1959).
Based on the foregoing, the defendant's motion for summary judgment is denied.
Cremins, J.