[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to determine if the plaintiffs have an easement by prescription over thirty feet of the defendants' property.
The plaintiffs Robert and Barbara Mahn and Barbara Wiltshire filed a two-count amended complaint dated April 8, 2002, against the defendants Darnell and Myra Clayton. In the first count, the plaintiffs allege that the right of way known as the Taylor Street Extension, portions of which intersect the defendants' property, has been dedicated to public use. In the second count, the plaintiffs allege that they have acquired an easement by prescription over the Taylor Street Extension for purposes of accessing the rear of plaintiffs' property at 116-18 Wellsville Avenue from said right of way. They allege that their predecessors in title, they, and their tenants have openly, notoriously and continuously used the Taylor Street Extension since prior to 1981 in order to access their property.
The defendants Darnell and Myra Clayton ("the defendants") filed an answer to the plaintiffs' amended complaint on December 26, 2001, denying all allegations that the plaintiffs have acquired an easement by prescription over their 30-foot portion of the Taylor Street Extension. They raised two special defenses in their answer, one alleging that they gave the plaintiffs permission to use this right of way and the other alleging that the defendants' fence prevented the plaintiffs from accessing the Taylor Street Extension. On the same date, the defendants filed a counterclaim against the plaintiffs alleging that the plaintiffs trespassed on the Clayton property and seeking a permanent injunction restraining the plaintiffs and their tenants from trespassing on the Taylor Street Extension, entering upon the defendants' property and disturbing the defendants' fence.
On December 21, 2001, the plaintiffs withdrew count one of their complaint. This court granted the plaintiffs' motion filed on March 14, 2002, to have Rita Van Item Nesi, whose property abuts the defendants' CT Page 3202 property to the south and who asked the defendants to extend their fencing along her property, joined as a party defendant. On May 31, 2002, this court granted the plaintiffs' motion for default against the defendant Rita Van Item Nesi for failure to appear.
The court finds the following facts. The plaintiffs own a two-family home located at 116-18 Wellsville Avenue in New Milford, which the plaintiff Robert Mahn purchased on December 1, 1981. The home is currently occupied by three tenants, Rhoda Joyner, who has lived on the property since 1983, Barbara Bouchard, who has lived on the property since 1996, and Barbara Bouchard's son. The home has two driveways located on Wellsville Avenue that provide ingress, egress and parking in the form of three parking spaces for its tenants. At the rear of the Wellsville Avenue property is a parking area/turnaround that is accessible via the Taylor Street Extension, a gravel, private accessary for those who live at 30-36 Taylor Street. The defendants have occupied their home at 34 Taylor Street since 1981.
The plaintiff Robert Mahn was first shown the property in 1981 by accessing it from both Wellsville Avenue and the Taylor Street Extension. He has managed the property at Wellsville Avenue since his purchase of it in 1981 and visits the property approximately fifteen times per year, oftentimes accessing the property via the Taylor Street Extension. He has never asked nor received from the defendants permission to use the Taylor Street Extension to access the rear of his property.
Since 1983, Rhoda Joyner, as the tenant of 116 Wellsville Avenue, has parked most often in the driveway to 116-18 Wellsville Avenue. Occasionally, she, her children and her guests would use the Taylor Street Extension to access the parking area in the rear of the Wellsville Avenue home. The plaintiff Robert Mahn showed Rhoda Joyner the back parking area via the Taylor Street Extension in 1983 and gave her permission to park there. Neither she nor her children nor her guests has ever asked or received permission from the defendants to use the Taylor Street Extension to access this back lot.
Barbara Bouchard has used both the Wellsville Avenue driveway and the rear lot for parking since she became a tenant in 1996. Although Barbara Bouchard parked more frequently in the Wellsville Avenue driveway, parking for those visiting tenants at 118 Wellsville Avenue is insufficient. Her guests, her children and her children's guests have used the rear parking area via the Taylor Street Extension consistently since 1996. The defendants never gave permission to either Barbara Bouchard or her guests to access the rear parking via the Taylor Street Extension. CT Page 3203
In the mid 1980s, Christopher Heffernan was a tenant of 118 WellsviIle Avenue for a few years. He used the Taylor Street Extension to access the rear parking area in order to park his truck. Driveway parking was insufficient for both his wife's and his vehicles. Upon Christopher Heffernan's request, the defendant Darnell Clayton gave permission to this tenant to park in the rear of Wellsville Avenue but neither ever addressed his use of the Taylor Street Extension to access the rear lot.
In April of 1995, the defendants and the Goulds, the owners of 36 Taylor Street, erected a fence along portions of their property that border 116-18 Wellsville Avenue. This fence interfered with access to the rear parking area such that the plaintiffs and their tenants and guests did not use the Taylor Street Extension for seven months. They began using the accessary again when the plaintiffs created another entranceway to the rear lot beyond the fencing. In March of 2000, the defendants extended the fence along the defendant Rita Van Item Nesi's property with her permission, completely blocking access by the plaintiffs to the rear parking area by the Taylor Street Extension.
"A prescriptive easement must be proved by a fair preponderance of the evidence." Faught v. Edgewood Corners, Inc., 63 Conn. App. 164, 168,772 A.2d 1142 (2001). "[General Statutes §] 47-37 provides for the acquisition of an easement by adverse use, or prescription. That section provides: `No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.' . . ." [A] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." Waterbury v. Washington, 260 Conn. 506, 576-77,800 A.2d 1102 (2002). "Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions." Lisiewski v. Seidel, 72 Conn. App. 861, 873, 860 A.2d 1121
(2002).
The court finds that the plaintiffs' use of the Taylor Street Extension to access the rear parking lot was open and notorious for the statutory period. The plaintiff Robert Mahn sent three letters to the defendant Myra Clayton, who at the time was Myra Selby. The first letter, dated June 18, 1982, informs the defendant that a recently conducted land survey revealed that the parking area at the rear of the plaintiff's property is part of the plaintiff's property and that the plaintiffs' tenants have the right to exclusive use of that area. The second letter, dated July 9, CT Page 3204 1982, informs the defendant that the deed description of 34 Taylor Street does not mention the parking area at the rear of 116-18 Wellsville Avenue. The third letter dated January 13, 1983, discusses a second survey of the 116-18 Wellsville Avenue property, which shows that the parking lot on the westerly side of the Taylor Street Extension belongs to the plaintiff. As the parking area is accessible solely via the Taylor Street Extension, the defendants were made aware by these letters of the plaintiffs' and tenants' use of the Taylor Street Extension to access the rear lot on the plaintiff's property.
"The purpose of the open and visible requirement is to give the owner of the servient land knowledge and full opportunity to assert his own rights . . . To satisfy this requirement, the adverse use must be made in such a way that a reasonably diligent owner would learn of its existence, nature, and extent. Open generally means that the use is not made in secret or stealthily. It may also mean that it is visible or apparent . . . An openly visible and apparent use satisfies the requirement even if the neighbors have no actual knowledge of it. A use that is not open but is so widely known in the community that the owner should be aware of it also satisfies the requirement . . . Concealed . . . usage cannot serve as the basis of a prescriptive claim because it does not put the landowner on notice." Waterbury v. Washington, supra,260 Conn. 577.
The plaintiffs and the plaintiffs' tenants and their guests have traveled on the private Taylor Street Extension to gain access to the rear parking area since 1981. They traveled in the open and in plain view of the defendants whose property abuts the Taylor Street Extension and who erected a fence in 1995 that they extended in 2000 for the purpose of blocking access by the plaintiffs and their tenants to the rear parking area. This use was openly visible and apparent for the fifteen-year statutory period as is demonstrated by these attempts by the defendants to interfere with such use of their private accessary.
This use was continuous and uninterrupted since 1981. When the defendants erected the fence in 1995, access to the rear lot was temporarily blocked for seven months. Nevertheless, the plaintiffs created another entranceway to the lot and continued their use of the Taylor Street Extension. The Court in South Norwalk Lodge v. Palco Hats,Inc., 140 Conn. 370, 100 A.2d 735 (1953) affirmed the trial court's ruling that the plaintiff had established an easement by prescription. In that case, evidence was introduced that the defendant repeatedly erected barriers preventing access by the plaintiff to its property but that the plaintiff tore down each barrier and continued its use of the defendant's property. The Court held that "[t]he repeated throwing down of these CT Page 3205 barriers and the continuing use in spite of them furnish evidence of the plaintiff's assertion of its right." Id. p. 374. Here, the plaintiffs asserted their right by creating a new driveway to the rear parking lot and continuing their use of the extreme westerly thirty feet of the defendants' property including the Taylor Street Extension. Consequently, the plaintiffs have proven by a fair preponderance of the evidence that they have continuously used the defendants' property without interruption for the statutory period.
"Use made under a claim of right means use that is made without recognition of the rights of the owner of the servient tenement . . . A use by express or implied permission or license cannot ripen into an easement by prescription." Waterbury v. Washington, supra, 260 Conn. 584. The permission obtained by Christopher Heffernan to park in the rear parking area from the defendant Darnell Clayton does not destroy the plaintiffs' claim. Mr. Heffernan never asked permission and the defendant Darnell Clayton never granted permission to use the Taylor Street Extension or any other portion of the extreme westerly thirty feet of the defendants' property. Mr. Heffernan simply asked to use property that belonged to the plaintiff Robert Mahn because of the size of Mr. Heffernan's truck and its close proximity to the defendants' property. The defendant had no authority to grant or deny permission. Consequently, the plaintiffs' use was made under a claim of right and that Mr. Heffernan's request for permission in no way destroyed the plaintiffs' claim to an easement by prescription.
Accordingly, the plaintiffs have satisfied their burden of proving by a preponderance of the evidence that they have a claim to an easement by prescription over the extreme westerly thirty feet of the defendants' property including the Taylor Street Extension.
The defendants' claims are accordingly rejected.
 By the Court, Gill, J.
CT Page 3206