CHRISTOPHER REYNOLDS ET AL. *v.*
JOSEPH SOFFER ET AL.
(9760)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued March 8—decision released May 24, 1983

*Roger Sullivan,* for the appellants (defendants).

*Roger J. Frechette,* for the appellees (plaintiffs).

SPEZIALE, C. J. This appeal concerns whether a right of way exists as claimed by the defendants, Jacob Soffer and Joseph Soffer, across land owned by the plaintiffs. The plaintiffs brought an action in three counts seeking, inter alia: (1) a declaratory judgment determining whether the defendants had a right of way over the plaintiffs' property and, if so, defining its scope; (2) an injunction against the defendants' use of the claimed right of way and damages for past use; and (3) a judgment quieting title in the plaintiffs. The defendants filed an answer and counterclaim asserting their ownership of the right of way and seeking damages for interference with it by the plaintiffs.[1] The trial court found that no right of way or easement existed in favor of the defendants over the plaintiffs' property either by express grant or by prescription. The defendants have appealed to this court claiming, inter alia, that the evidence established a prescriptive easement in their favor and that the court erred when it inferred that the defendants' use was permissive.[2] We agree.

The trial court found the following facts: Louis Soffer, the defendants' father and predecessor in in-

[1] The defendants also filed a third party complaint against Nancy Knowlton, Harry J. Torello and Marie B. Torello, Joseph M. Barry and Marilyn C. Barry, R&M Construction Co., Inc., Frank C. Silvestro and Geraldine S. Silvestro. Each of the third party defendants had purchased a building lot from the plaintiffs by deeds which made no mention of the alleged right of way of the defendants. The defendants' third party complaint sought a declaration of the rights of the parties to the right of way and a judgment fixing its location. Because the rights of the third party defendants are closely related to those of the plaintiffs, their predecessors in interest, we will not discuss these rights separately.

[2] Because of our resolution of this claim of error, it is unnecessary to consider the other claims of the defendants.

terest, purchased two lots from the town of Branford in 1923. One lot contains eight acres and is referred to as the "first piece"; the other lot is twenty-two acres and is referred to as the "second piece." These two pieces of land are entirely separated from each other by an eighteen acre tract of land, once owned by Ruel Blackstone, which was bought by the plaintiffs from the heirs of Blackstone on December 15, 1970.

The town of Branford had used the two parcels as the town poor farm for many years. The farm residents lived on the first piece and farmed the second piece. They would regularly walk and drive farm machinery from the first to the second piece along a path that crossed the Blackstone property. The trial court, which viewed the land in question, specifically found that a portion of this path "is still clearly visible."'

After purchasing the two parcels from the town of Branford in 1923, the defendants' father, Louis Soffer, continued farming operations on the second piece, while he lived with his family, including the defendants, on the first piece. They regularly walked and drove farm machinery along the path to reach the farmed land. They also mowed the path as needed to keep it clear for vehicles. Louis Soffer died in 1958, and farming operations stopped shortly thereafter. The defendants, however, continued to use the second piece to gather wood and to dump chicken manure from the egg farm which had been established on the first piece. In 1965, the defendants began to develop the second piece as a residential subdivision. Lots 1-6 border the former Blackstone property. The defendant Joseph Soffer owns lot number 5, but the other bordering lots have been sold to persons who are not parties to this suit.

The 1923 deed from the town of Branford to Louis Soffer contains the following: "Together with a right

of way over land of Ruel Blackstone to land in the rear or Second Piece above described. [¶] Reserving, however, a right of way over said premises to said Ruel Blackstone and any others having such right of way as of record may appear."[3] On December 15, 1970, the plaintiffs, Christopher Reynolds, Joseph J. Meshako, and Howard F. Zoarski, doing business as Ramzey Associates, purchased from the heirs of Ruel Blackstone the eighteen acre tract of land which separates the two Soffer parcels. The plaintiffs' deed contains the following paragraph: "Together with and said premises are subject to rights of way described in a deed from the Town of Branford to Louis Soffer dated June 25, 1923, and recorded in the Branford Land Records, Volume 77 on page 367."

" 'To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83 [1967].' *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 463, 338 A.2d 470 (1973)." *Kaiko* v. *Dolinger,* 184 Conn. 509, 510, 440 A.2d 198 (1981); *Klar Crest Realty, Inc.* v. *Rajon Realty Corporation,* 190 Conn. 163, 168, 459 A.2d 1021 (1983). In the present case, the trial court stated in its memorandum of decision: "When the land over which the easement is claimed is open, unenclosed and unimproved the better rule is to regard the use as permissive until affirmatively shown to be adverse. 3 Powell, [The Law of] Real Property . . . ¶ 413; *Corruthers* v. *King,* 363

[3] The defendants actually hold title under a deed of February 2, 1957, from Frances Skibinski, who had obtained title on that day from Louis Soffer and who acted as an intermediary to create a joint tenancy in Louis (the father), Jacob, and Joseph Soffer. This transaction does not affect the period of any claimed adverse use because of the doctrine of tacking. See 5 Restatement, Property § 464 (1944).

S.W.2d 413, 414 (Ark. 1963). . . . The defendants have failed to produce evidence to counter the *inference* that their use was permissive." (Emphasis added.) The court therefore found that "[w]hile the property was owned by the Blackstone family, the Soffers used the way with permission of the family"; and concluded that no easement by prescription was shown.

In Connecticut, although the burden of proof is on the party claiming a prescriptive easement; *Wadsworth Realty Co.* v. *Sundberg,* supra, 462; there is no presumption of permissive use to be overcome. *Phillips* v. *Bonadies,* 105 Conn. 722, 727, 136 A. 684 (1927). All that is required is a showing by a fair preponderance of the evidence that the use was adverse. It was error for the trial court to infer that the defendants' use was with the permission of Blackstone and his heirs simply because the court also found that "[n]o evidence has been presented to show that the defendants or the town of Branford ever received express permission to use the way."

There was clear evidence of use under a claim of right in the form of the deed from the town of Branford to Louis Soffer which expressly referred to the right of way as part of the grant. "The fact that the use began as a result of a grant, whether one by parol or one otherwise ineffective or invalid, instead of militating against the adverse character of the use only emphasizes it. Such grant . . . was not only entirely consistent with possession or enjoyment under a claim of right, but furnishes a natural basis for and prima facie evidence of such possession and enjoyment." (Citations omitted.) *Alling Realty Co.* v. *Olderman,* 90 Conn. 241, 247, 96 A. 944 (1916). The deeds of both parties to this suit contain express reference to the claimed right of way, and therefore are prima facie evidence of adverse use. The trial court found that "there is no direct proof

that the use was either adverse or permissive." Because the authenticity of the deeds was confirmed by the court, its finding that there was no evidence of *adverse* use is clearly erroneous. Practice Book § 3060D; *Garrison* v. *Garrison,* 190 Conn. 173, 176, 460 A.2d 945 (1983); *Kaplan* v. *Kaplan,* 186 Conn. 387, 392, 441 A.2d 629 (1982). The court's finding, however, that there was no direct evidence of *permissive* use, is amply supported by the evidence. The prima facie evidence supplied by the deeds is unrebutted, and we conclude that the defendants' use of the right of way was under claim of right.

The conclusion above is supported by the uncontradicted testimony of Edward Robinson, one of the plaintiffs' own witnesses. Robinson is one of the heirs of Ruel Blackstone who conveyed the Blackstone land to the plaintiffs in 1970. He testified to many of the facts, later specifically found by the trial court, concerning the use both of the properties in question and of the right of way during a period beginning before 1923 and continuing to 1970. He also testified that there was "no question that [the Soffers] had a right to go to that property [the second piece]"; that no member of the Blackstone family had ever interfered with the Soffers' use of the right of way; that he knew of the right of way reservation in' the deed from the town of Branford to Louis Soffer; and that the heirs of Blackstone had tried to purchase the right of way from the defendants just prior to the conveyance of the Blackstone property to the plaintiffs.

Robinson's testimony strongly indicates that the claim of right established by the deeds was presumed to be valid by the heirs of Blackstone and by the Soffers. The mutual belief among all the owners that the right of way belonged to the Soffers both explains the

absence of evidence of permissive use and supports the conclusion that the defendants' use was adverse, under a claim of right.

The trial court's findings show that the defendants' use was open, visible, continuous, and uninterrupted, at least from 1923 until 1970 when the property was sold to the plaintiffs. The court also found that use of some portion of the claimed right of way continued until the time of trial. Because we find above that the use was also adverse, all the legal elements necessary to establish a prescriptive easement in favor of the defendants have been established. See *Kaiko* v. *Dolinger,* supra, 510.

Having concluded that the defendants possess a valid prescriptive easement, we now consider the scope of that easement. "A prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty." *Kaiko* v. *Dolinger,* supra, 511. The trial court found that "the [right of way] is still clearly visible up to the end of Lot #22 of Indian Woods [the name given by the plaintiffs to the development on the Blackstone Property]."[4] This finding indicates that the right of way is defined with reasonable certainty. Because the trial court erroneously found that no easement existed, it neither determined the extent of the use or the boundaries of the right of way nor did it make any findings concerning to what extent, if any, the scope of the claimed right of way has been affected by non-use. See 5 Restatement, Property § 461 (1944).

This court, which does not find facts, cannot determine the scope of the defendants' easement. We therefore remand the case for further proceedings limited to a determination of the scope of easement.

---

[4] Lot no. 22 is now owned by third party defendant Silvestro.

There is error; the judgment is set aside and the case is remanded with direction to render judgment for the defendants against the plaintiffs and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.