THOMAS E. WADSWORTH ET AL. *v.*
DESPINA ZAHARIADES
(2002)

DANNEHY, C.P.J., HULL and DUPONT, Js.

---

374

Argued December 8, 1983—decision released March 13, 1984

*Charles L. Flynn,* for the appellant (defendant).

*John J. Kindl,* with whom, on the brief, was *Peter G. Perakos II,* for the appellees (plaintiffs).

DUPONT, J. The plaintiffs and the defendant own adjoining land. The defendant appeals from a judgment granting the plaintiffs an easement by prescription over a portion of the defendant's land and permanently enjoining the defendant and subsequent holders of title from erecting a fence on that portion of the defendant's land consisting of a strip of land five feet wide and seventy-five feet in length.[1]

The defendant claims error (1) in permitting the plaintiffs to amend their complaint[2] and their prayer for relief;[3] (2) in granting the prescriptive easement in the manner and form found by the court when it was not established in the evidence; (3) in granting a prescrip-

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] The plaintiffs were permitted to amend their complaint by inserting the words "at least" in the following paragraph of their complaint: "3. The plaintiffs share with the defendant a common driveway which has been used by the plaintiffs and the defendant as a common driveway and their respective predecessors in title for a period of *at least* seventeen (17) years." (Emphasis added.)

[3] The plaintiffs were permitted to amend their prayer for relief by reducing the extent of the easement sought from a twenty foot by 120 foot parcel of land to a five foot by seventy-five foot strip of land.

tive easement which was not definitely established; (4) in finding some subordinate facts which were inconsistent with the judgment and (5) in defining the prescriptive easement contrary to the facts and the law.[4]

A trial court has discretion to allow an amendment to the pleadings before or during the trial or after the close of evidence, and such a ruling will only be reversed upon a clear showing of abuse of discretion. Practice Book § 176; *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979). The amendment to the complaint to qualify the period, during which the prescriptive easement was alleged to have been obtained, from seventeen years to at least seventeen years did not constitute an abuse of discretion.[5] Whether the adverse use existed uninterruptedly for seventeen years or for at least seventeen years did not add a gild to the cause of action which converted it into something different from the original cause of action.

The amendment to the prayer for relief sought a decrease in the dimensions of the easement. That amendment did not change the nature of the plaintiffs' cause of action, and there was no error in granting the amendment. See *Fisher* v. *Board of Zoning Appeals,*

[4] On appeal, the defendant claims that lack of a notice provision in General Statutes § 47-37 violates due process rights under the constitution of Connecticut, article first, § 8, and under the fourteenth amendment to the United States constitution. This claim of error was not included in the defendant's preliminary statement of issues as required in Practice Book § 3012 (a) and is, therefore, not properly before the court and will not be considered. *Presutti* v. *Presutti,* 181 Conn. 622, 436 A.2d 299 (1980).

[5] General Statutes (Rev. to 1977) § 47-37, at the time of the allowance of the amendment, provided as follows: "WHEN ACQUIRED BY ADVERSE USE. No person shall acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless such use has been continued uninterrupted for fifteen years." General Statutes § 47-37 has since been amended by Public Acts 1979, No. 602, § 56, leaving unchanged, however, the number of years required to obtain an easement by prescription.

142 Conn. 275, 278, 113 A.2d 587 (1955). The diminishing of the dimensions of the easement sought could not have prejudiced the defendant.

A right of way or an easement is acquired by prescription when the claimant's use has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. *Reynolds* v. *Soffer,* 190 Conn. 184, 459 A.2d 1027 (1983); *Klar Crest Realty, Inc.* v. *Rajon Realty Corporation,* 190 Conn. 163, 459 A.2d 1021 (1983); *Andrzejczyk* v. *Advo System, Inc.,* 146 Conn. 428, 151 A.2d 881 (1959). The term "under a claim of right" denotes a user who does not recognize the rights of an owner of a servient estate. *Andrzejczyk* v. *Advo System, Inc.,* supra, 431.

The trial court found that the plaintiffs and their predecessors in title had, for an uninterrupted period of fifteen years, continuously used the center portion of the driveway located between the two houses of the parties; that such use occurred in the presence of the defendant and her predecessors in title; that the plaintiff improved the area of the disputed land by filling in worn areas with gravel and sand; and that such use was without the permission of the defendant or her predecessors in title and without recognition of the rights of the defendant. The court found all the facts necessary to comprise an easement by prescription. See *Lucas* v. *Crofoot,* 95 Conn. 619, 112 A. 165 (1921). These facts, that there had been an open, visible, continuous and uninterrupted use for fifteen years under a claim of right, as found by the trial court, are not reviewable unless the subordinate facts on which they are based are legally and logically inconsistent or are insufficient to support the conclusion that they exist. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 435 A.2d 24 (1980); *Lengyel* v. *Peregrin,* 104 Conn.

285, 132 A. 459 (1926). The court correctly concluded that the plaintiffs had acquired prescriptive rights over the defendant's land.

A right of way must be defined in terms of its boundaries with reasonable certainty. *Reynolds* v. *Soffer*, supra; *Kaiko* v. *Dolinger*, 184 Conn. 509, 511, 440 A.2d 198 (1981). If the trial court cannot determine the bounds to a reasonable degree of certainty, a judgment for a prescriptive easement is invalid.

In the present case, the court found that the easement was seventy-five feet long. If that dimension were to stand, the plaintiffs would acquire an easement extending into the defendant's garage and the easement would encompass an area never used by the plaintiffs or their predecessors in title.[6] Since the transcript and exhibits reveal that the bounds of the right of way can be established with reasonable certainty, the plaintiffs should be given the opportunity to establish those boundaries. *Kaiko* v. *Dolinger*, supra.

The case should be remanded for further proceedings limited to a determination of the dimension of the easement. *Reynolds* v. *Soffer*, supra.

There is error in part; that portion of the judgment relating to the metes and bounds description of the easement is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[6] At oral argument, the plaintiffs conceded that the length of the easement was erroneous.