The plaintiffs and the defendants in this case are adjoining neighbors in Wallingford. The plaintiffs purchased their property in 1979 relying upon a survey which the parties now agree was incorrect in its representation of the plaintiffs' western boundary, the property line they share with the defendants. Between the two properties is a common driveway. The incorrect survey indicated that the driveway was owned by the plaintiffs. Relying on that survey, the plaintiffs made use of the driveway in such a way as to destroy hedges and stone decorations on the defendants' land. In response to the plaintiffs' behavior, the defendants *Page 694 
engaged a licensed surveyor who confirmed that the defendants' property extended onto a triangular portion of the driveway, widest on the street side. The defendants then constructed a five-foot high chain link fence on the boundary line. The chain link fence interfered with the plaintiffs' use of the driveway.
The plaintiffs in an amended complaint brought suit in two counts. In count one they sought to enjoin the defendants from maintaining a fence in the middle of the jointly used driveway, and in count two they sought to quiet title to the triangular portion of the driveway alleging "actual, visible, exclusive, open and notorious adverse possession of the property for more than fifteen (15) years." The trial court rendered judgment for the plaintiffs on both counts. The court found that the plaintiffs had, by clear and convincing evidence, proved an uninterrupted use by open, visible and exclusive possession without license or consent and under a claim of right to a prescriptive easement over the fenced off portion of the driveway. From that judgment, the defendants have appealed.[1]
The defendants briefed as error that (1) there was a material variance between the facts alleged in the complaint (adverse possession) and the facts proved (prescriptive easement), and that (2) the use of the property by the plaintiffs was with express or implied permission and not continuous for a period of fifteen years, thereby defeating a claim of adverse possession and prescriptive easement.
The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. Board of Education v. Commission on Human Rights Opportunities, 177 Conn. 75, 77,411 A.2d 40 (1979); Lundberg v. Hovacs, 172 Conn. 229, *Page 695 
232, 374 A.2d 201 (1977). It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in his complaint. Kawasaki Kisen Kaisha, Ltd. v. Indomar, Ltd., 173 Conn. 269, 272,377 A.2d 316 (1977); Strimiska v. Yates, 158 Conn. 179, 185,257 A.2d 814 (1969); Nash Engineering Co. v. Norwalk,137 Conn. 235, 239, 75 A.2d 496 (1950). "A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery." Malone v. Steinberg, 138 Conn. 718,721, 89 A.2d 213 (1952); Schaller v. Roadside Inn, Inc.,154 Conn. 61, 65, 221 A.2d 263 (1966).
To set aside a judgment on the basis of a variance between the pleadings and the proof, the variance must be material in a way which is essential to the cause of action claimed. Schaller v. Roadside Inn, Inc., supra; S.H.V.C., Inc. v. Roy, 37 Conn. Sup. 579, 580-81,428 A.2d 806 (1981). Under our practice, an immaterial variance is disregarded. Practice Book 178. A variance is material if the defendant was prejudiced in maintaining his defense, surprised by the plaintiff's proof or misled by the allegations in the complaint. Strimiska v. Yates, supra, 184.
In the present case the judgment was based on an entirely different cause of action from any alleged in the complaint.[2] Any claim of prescriptive easement was not within the issue presented by the pleadings and could not properly be adjudicated in this action. A claim of prescriptive easement requires proof that the claimant's use of the property has been Open, visible, continuous and uninterrupted for fifteen years under a claim of right. Reynolds v. Soffer, 190 Conn. 184, 187, *Page 696 459 A.2d 1027 (1983); Klar Crest Realty, Inc. v. Rajon Realty Corporation, 190 Conn. 163, 168, 459 A.2d 1021
(1983); Wadsworth v. Zahariades, 1 Conn. App. 373,472 A.2d 29 (1984). A claim of title by adverse possession requires a claimant to prove that the owners have been ousted from possession from the property in dispute for an uninterrupted period of fifteen years under a claim of right by an Open, notorious and exclusive possession. Roche v. Fairfield, 186 Conn. 490, 498,442 A.2d 911 (1982); Whitney v. Turmel, 180 Conn. 147,148, 429 A.2d 826 (1980); Schlough v. Ruley, 1 Conn. App. 119,120, 468 A.2d 1272 (1983). On the basis of the elements of the claim of adverse possession, the defendants focused their defense on the exclusion factor which distinguishes adverse possession from a prescriptive easement. During the course of the trial, evidence was introduced by the plaintiffs which tended to prove a prescriptive easement to the triangular parcel.[3] The defendants made numerous objections on the grounds of relevancy claiming that the evidence was irrelevant to the claim of adverse possession alleged in the complaint. The plaintiffs consistently maintained that the evidence was relevant to the issue of adverse possession which was the basis of their claim to the disputed parcel.
Our courts have followed a liberal policy in passing upon claims of variance between pleadings and proof. Antonofsky v. Goldberg, 144 Conn. 594, 599,136 A.2d 338 (1957); Reciprocal Exchange v. Altherm, Inc.,142 Conn. 545, 552, 115 A.2d 460 (1955). Where, however, there is a disagreement between the allegations and the proof in a matter essential to the claim, the variance is fatal to the judgment. The variance in this case was neither immaterial, nor corrected by amending the *Page 697 
complaint, nor was it waived by the defendants during the trial. See, e.g., Reciprocal Exchange v. Altherm, Inc., supra, 551; Spitz v. Abrams, 128 Conn. 121, 123,20 A.2d 616 (1941); Collins v. Erdmann, 122 Conn. 626,632, 191 A. 521 (1937). The defendants were misled by the allegations in the complaint and prejudiced in the preparation and maintenance of their defense. It follows that the judgment, being on a cause of action entirely outside the issues in the complaint, cannot stand.[4]
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion the other judges concurred.