[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David Paletsky brought this action against the defendants, Donald H. Wetmore and Doris A. Wetmore to determine the rights of the parties in adjoining land concerning a right of way on the plaintiff's property.
The parties have stipulated to the basic underlying facts as follows:
1. The plaintiff, David Paletsky, is owner of a parcel of land situated in the Borough of Bantam, Town of Litchfield and State of Connecticut and is shown on the assessors map number 167, block 73 as lot number 24.
2. The said plaintiff acquired title to said lot by warranty deed of Elizabeth A. Sepples dated December 30, 1986 and recorded January 6, 1987 at volume 189, page 307 of the Litchfield Land Records.
3. A search of the title of the plaintiff's lot has revealed that said lot was never encumbered by a grant of a right of way.
4. The defendants, Donald H. Wetmore and Doris A. CT Page 11091 Wetmore are the owners of two parcels of real estate with improvements located in the borough of Bantam, Town of Litchfield and State of Connecticut and shown on the assessors map number 167, block 73 as lots 21 and 22.
5. The defendants were conveyed title to lot 22 (rear piece) by virtue of a warranty deed from Ada A. Johnson dated August 8, 1970 and recorded August 10, 1970 at volume 138, page 42 of the Litchfield Land Records.
6. The defendants were conveyed title to lot 21 by virtue of a warranty deed from Donald Lanthier dated December 23, 1969 and recorded December 24, 1969 at volume 137, page 2 of the Litchfield Land Records.
7. The deed of Lot 22 (rear piece) contains the following language: "Together with any right of way existing in favor of the foregoing premises."
8. A search of the title for lot 22 (rear piece) revealed that the following deeds had the same or similar language concerning a right of way, volume 107, page 518, volume 91, page 557, volume 86, page 560 and volume 83, page 472.
9. A search of the title for lot 22 (rear piece) revealed that said piece was subject to a right of way which appears in volume 85, page 225.
10. A search of the title for lots 22 (rear piece) revealed that the deed from Rose M. Rochfort to the Connecticut Electric Manufacturing Company at volume 83 page 467 reserved to the grantor a right of way over said parcel, which parcel contained both pieces presently owned by the defendants.
11. A search of the title for lot 21 (front piece) revealed that the deed at volume 83, page 471 was subject to the right of way mentioned in volume 83, page 467.
The defendants have filed an affidavit claiming a right of way by adverse possession. Appendix A. The defendants, Donald and Doris Wetmore, have pleaded by way of special defense, that they have acquired a prescriptive right of way over land claimed by the CT Page 11092 plaintiff to be his. General Statutes Section 47-37
states: "To acquire a right of way by prescription, there must be a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right."
With respect to a claim for a prescriptive easement, "`[a]ll that is required is a showing by a fair preponderance of the evidence that the use was adverse.' Reynolds v. Soffer, 190 Conn. 184, 188, 459 A.2d 1027
(1983). `We . . . see no reason why the proof may not be circumstantial as well as a direct, nor any reason for requiring in regard to it any greater amount of evidence than is necessary to prove other facts in civil causes.'" Bradley Fish Co. v. Dudley, 37 Conn. 136, 148 (1870).
In contrast, possession through the doctrine of adverse possession, "`is not to be made out by inference, but by clear and convincing proof.' Huntington v. Whaley, 29 Conn. 391, 398 (1860). . . . The reason for the disparate levels of proof in two causes of action [adverse possession and prescriptive easement] having virtually identical elements, is that title in the former becomes absolute in the adverse user, while in the latter the adverse user acquires only the right to pass and repass over the prescriptive easement, a much less onerous burden on the property." Schulz v. Syversten,219 Conn. 81, 91-92 (1991).
"In Connecticut, although the burden of proof is on the party claiming a prescriptive easement; Wadsworth Realty Co. v. Sundberg, [165 Conn. 457], 482 (1973); there is no presumption of permissive use to be overcome. Phillips v. Bonadies, 105 Conn. 722, 727, 136 A. 684
(1927). All that is required is a showing by a fair preponderance of the evidence that the use was adverse." Reynolds v. Soffer, supra, 188.
From the evidence, the court finds that the defendants have sustained their burden on their special defense. The use of the right of way over the plaintiff's property has been open, visible, continuous and uninterrupted for over fifteen years and was under a claim of right. Conn. Gen. Stat. 47-37. The mere fact that they constructed another driveway on their own CT Page 11093 property does not indicate an abandonment. The use of the right of way over the Paletsky property is an asset to the rear lot, especially in the event of a sale.
The court finds the issues for the defendants and decrees that they have a valid, legal right of way over the southerly portion of the plaintiff's property as shown oa [on] a certain map entitled "1.264 +/- Acres Map Showing Property of Elizabeth A. Wood Trumbull Street and Connecticut Route 202 Borough of Bantam Litchfield Connecticut Scale 1" = 40' June 6, 1986", which map was prepared by Samuel P. Bertaccini and which map is on file in the office of the Town Clerk of Litchfield in Map Volume 25 at Page 28.
Judgment may enter accordingly.
PICKETT, J.
APPENDIX A AFFIDAVIT RE: PROPERTY OF DAVID L. PALETSKY
STATE OF CONNECTICUT)) ss: Torrington June 19, 1990 COUNTY OF LITCHFIELD)
We, Donald H. Wetmore and Doris A. Wetmore, of Trumbull Street, Bantam, Connecticut, being duly sworn, hereby make affidavit and say:
1. That we are each more than eighteen years of age.
2. That we each make this affidavit from our personal knowledge.
3. That this affidavit is made concerning the parcel of land described on Schedule A attached hereto and made a part hereof, hereinafter referred to as the Paletsky Land.
4. That by Warranty Deed of Ada A. Johnson dated August 8, 1970, and recorded in Volume 138 at Page 42 of the Litchfield Land Records, we acquired the parcel of land described on Schedule B attached hereto and made a part hereof, hereinafter referred to as the Wetmore Land. CT Page 11094
5. The Wetmore Land is southerly of and adjacent to the Paletsky Land.
6. That the Paletsky Land is shown on a certain map entitled "1.264+/- Acres Map Showing Property of Elizabeth A. Wood Trumbull Street and Connecticut Route 202 Borough of Bantam Litchfield Connecticut Scale 1" = 40' June 6, 1986", which map was prepared by Samuel P. Bertaccini and which map is on file in the office of the Town Clerk of Litchfield in Map Volume 25 at. CT Page 28
7. That on said map a driveway over the southerly portion of the Paletsky Land is depicted, which driveway runs westerly from Trumbull Street to the Wetmore Land.
8. That we claim a right of way over said driveway for ingress to and egress from the Wetmore Land.
9. That the Wetmore Land is a landlocked parcel of land.
10. That the Warranty Deed by which we acquired title to the Wetmore Land recites that it was conveyed to us together with any right of way existing in favor of the premises.
11. That we understood this reference in our deed to a right of way to refer to a right of way in favor of the Wetmore Land over said driveway situated on the southerly portion of the Paletsky Land. Attorney Harry Ossen, who represented us in the acquisition of the Wetmore Land, told us that this was the case.
12. That since the time we acquired title to the Wetmore Land, we have openly, visibly, continuously and uninterruptedly made use of said driveway by motor vehicle and foot for ingress and egress to and from the Wetmore Land.
13. That from the time we acquired title to the Wetmore Land until the year 1986, we leased the home situated on the Wetmore Land to various tenants who, during that period of time upon our instruction, openly, visibly, continuously and uninterruptedly made use of said driveway by motor vehicle and foot as their sole means of ingress and egress to and from the Wetmore Land.
14. That prior to our acquisition of the Wetmore Land, we observed that the area of said driveway had visible signs of use CT Page 11095 as an accessway to and from the Wetmore Land. Said driveway was at that time and has since remained graveled.
15. That from December of 1969 to the time of our acquisition of the Wetmore Land, we daily observed Ada Johnson, our immediate predecessor in title thereto, her son George Johnson, and others entering the Wetmore Land under Ada Johnson's authority, make open, visible and continuous use of said driveway by motor vehicle and foot as their sole accessway to and from the Wetmore Land. We had occasion to make this observation because during such period we lived on property adjoining the Wetmore Land to the east thereof.
Donald H. Wetmore
Doris A. Wetmore
Sworn to and subscribed before me this 19th day of June, 1990.
Jerome J. Sarchy Commissioner of the Superior Court