### CYNTHIA L. BEAN-CORVEIRA v. MILTON D. FRIEDMAN, INC.
### (AC 24671)

Foti, Schaller and Bishop, Js.

Argued April 30—officially released July 13, 2004

*John S. Bennet,* for the appellant (plaintiff).

*Gerald L. Garlick,* for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, Cynthia L. Bean-Corveira, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant, Milton D. Friedman, Inc. On appeal, the plaintiff claims that the court improperly found that she did not obtain a prescriptive easement over a driveway located on the defendant's property. We affirm the judgment of the trial court.

The court found the following facts. The plaintiff owned property known as 43 Magna Lane in Westbrook, which she acquired by quitclaim deed from her former husband, Paul Corveira, on February 5, 1999. Paul Corveira obtained the property on August 18, 1989, from Christine Cook, who obtained it from the conservator of Helen Chisholm on January 30, 1989. The plaintiff and her predecessors in title obtained access from the house at 43 Magna Lane to Magna Lane by using a driveway on an adjacent lot that was purchased by the defendant on September 8, 1997.

By complaint filed July 31, 2000, the plaintiff claimed an easement by prescription over the driveway on the defendant's property and sought to enjoin the defendant from interfering with her use of the driveway.[1] Specifically, the plaintiff alleged that she and her predecessors exercised their right to use the driveway in its present location and configuration in an open, notorious and adverse manner for at least fifteen years, and that the defendant and its predecessors had notice of the use, and took no action to oust the plaintiff or her predecessors. In its answer, filed November 9, 2000, the defendant denied that allegation.

On August 4, 2003, in its memorandum of decision, the court found that the plaintiff and her former husband had used the driveway in an open, notorious and adverse manner under a claim of right for a combined time period of approximately twelve years.[2] The court further found, however, that although "[t]he plaintiff and her predecessors in title for at least the last twenty-four years have obtained access from their house to Magna Lane by using the driveway that is the subject of this litigation," the plaintiff failed to establish that "she and her predecessors in title have made under a claim of right an open and visible use of the driveway, continuously and uninterrupted for a fifteen year term." The court based its conclusion on its finding that the plaintiff did not prove that Cook and Chisholm had

[1] The plaintiff also claimed that she possessed an easement by necessity and an easement by implication. Those claims, however, are not raised in her appeal.

[2] The court found that (1) the plaintiff had used the driveway in an open, notorious and adverse manner under a claim of right for the two years and approximately five months between February 5, 1999, the date she acquired title to the property by quitclaim deed, and July 10, 2000, the date this lawsuit was served on the defendant, and (2) Paul Corveira had used the driveway in an open, notorious and adverse manner under a claim of right for approximately nine and one-half years for the time period between August 18, 1989, the date he acquired the property from Cook, and February 5, 1999.

used the driveway adversely under a claim of right for a period sufficient, when tacked onto the use of the plaintiff and her former husband, to total the required fifteen years. See General Statutes § 47-37.

On August 13, 2003, the plaintiff filed a motion to reconsider and to set aside the judgment, claiming that the court improperly placed on her a burden to prove that her predecessors in title did not have permission to use the driveway. Specifically, the plaintiff argued that proof of a use made under a claim of right does not require proof of lack of permission from the servient owner. The court denied the motion, noting that in its memorandum of decision it did not intend to imply that any of her predecessors in title had permission to use the driveway. Rather, the court concluded, the plaintiff failed to prove that Cook and Chisholm had used the driveway adversely under a claim of right. This appeal followed.

On appeal, the plaintiff again claims that the court improperly placed on her a burden to prove that Cook and Chisholm did not have permission from the servient owner to use the driveway. Specifically, the plaintiff argues that the court's conclusion that she failed to prove that Cook and Chisholm adversely used the driveway under a claim of right is inconsistent with its finding that the plaintiff and her predecessors in title had used the driveway to access the house at 43 Magna Lane for at least the last twenty-four years. We do not agree.

"We begin our analysis of the issue by setting forth the requirements for establishing a prescriptive easement. General Statutes § 47-37 concerns the acquisition of easements by adverse use or prescription. Section 47-37 provides: No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for

fifteen years. In applying that section, this court repeatedly has explained that [a] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. . . .

"Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. . . . When the factual basis of the court's decision is challenged, the reviewing court must determine whether the facts are supported by the evidence or whether they are clearly erroneous. . . . In such cases, the trier's determination of fact will be disturbed only in the clearest of circumstances, where its conclusion could not reasonably be reached. . . .

"There can be no claim of right unless the use is unaccompanied by any recognition of [the] right [of the owner of the servient tenement] to stop such use. [Thus, a] use by express or implied permission or license cannot ripen into an easement by prescription. . . . Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions." (Citation omitted; internal quotation marks omitted.) *Berube* v. *Nagle*, 81 Conn. App. 681, 691–92, 841 A.2d 724 (2004).

Here, the plaintiff mischaracterizes the court's findings. Specifically, the plaintiff claims that the court required that she prove that she and her predecessors in title used the driveway without permission from the servient owner. Although the plaintiff is correct that absence of permission is not a requirement to proving a prescriptive easement; see *Lisiewski* v. *Seidel*, 72 Conn. App. 861, 873, 806 A.2d 1121, cert. denied, 262

Conn. 921, 922, 812 A.2d 865 (2002); she misstates the court's findings. As the court first stated in its memorandum of decision, and later clarified in its ruling on the plaintiff's motion to reconsider and to set aside the judgment, it was not imposing on the plaintiff a burden to prove absence of permission. Rather, the court required, pursuant to § 47-37, that the plaintiff prove that she and her predecessors adversely used the driveway under a *claim of right*.[3] "[A] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been . . . made under a claim of right." (Internal quotation marks omitted.) *Berube* v. *Nagle,* supra, 81 Conn. App. 691–92. The court, therefore, properly set forth the plaintiff's burden of proof.

We further conclude that the court's finding that the plaintiff did not meet that burden is not clearly erroneous. The court specifically found that the plaintiff did not produce any evidence of Cook's adverse use under a claim of right.[4] The plaintiff argues, however, that the court's finding that "[t]he plaintiff and her predecessors in title for at least the last twenty-four years have obtained access from their house to Magna Lane by using the driveway that is the subject of this litigation" satisfies her burden. The plaintiff, however, misinterprets the court's finding. The court found that there was a use of the driveway, but not specifically that there was an adverse use under a claim of right pursuant

---

[3] "It was not . . . the plaintiff's burden to establish that his use of the property was without permission. Such a rule would often charge a party with proving a negative. Rather, it was the plaintiff's burden to establish that his use of the property was under a claim of right." *Lisiewski* v. *Seidel,* supra, 72 Conn. App. 873.

[4] The court also found that the plaintiff did not produce evidence of Chisholm's adverse use under a claim of right, but because resolution of the issue as it pertains to Cook would be dispositive by precluding proof of fifteen years of uninterrupted adverse use pursuant to § 47-37, we need only address the issue as it pertains to Cook.

to § 47-37. "The term 'under a claim of right' denotes a user who does not recognize the rights of an owner of a servient estate." *Wadsworth* v. *Zahariades*, 1 Conn. App. 373, 376, 472 A.2d 29 (1984). Because the plaintiff provided evidence only of Cook's use of the driveway, and not whether that use was under a claim of right, we cannot conclude that the court's finding was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.