LAURA CIRINNA *v.* RAFAL
KOSCIUSZKIEWICZ
(AC 33773)

Robinson, Bear and Dupont, Js.

Argued September 7—officially released December 25, 2012

*Jeffrey A. McChristian*, for the appellant (defendant).

*Stephanie S. Baier*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. The defendant, Rafal Kosciuszkiewicz, appeals from the trial court's judgment in favor of the plaintiff, Laura Cirinna, in which the court concluded that the plaintiff had an easement by prescription over a driveway located on the defendant's property, and permanently enjoining the defendant from erecting a fence on the driveway that would block access to the rear of the plaintiff's property. The issues raised on appeal are whether (1) the plaintiff established an easement by prescription and (2) the court properly exercised its discretion in denying the defendant's motion for sequestration. We affirm the judgment of the trial court.

The court found the following facts by a preponderance of the evidence. The dispute arises from the plaintiff's use of a driveway running from Winthrop Street in New Britain between and to the rear of the properties owned by the plaintiff and the defendant. As is typical for the Winthrop Street block of houses, it is the only

driveway to which both adjoining property owners have access to reach the rear of their properties. For decades, the driveway was used by the occupants of both 75 and 77-79 Winthrop Street to gain access to the rear of their respective properties. The plaintiff owns the property at 75 Winthrop Street. Currently, her sister, Maria Cirinna, occupies the top floor and the plaintiff's tenants reside on the bottom floor.

The defendant owns and resides at 77-79 Winthrop Street, which lies to the west of the plaintiff's property. Running along the eastern border of and wholly situated on the defendant's property is the paved driveway at issue, which leads to the rear of his property and to a paved parking area and a single car garage located on the plaintiff's property. The plaintiff maintains the separate paved area of the driveway, which the plaintiff's sister uses to park her vehicle and the vehicle of her fiancé. The plaintiff's tenants also park their vehicles there. The plaintiff's family purchased 75 Winthrop Street in July, 1974. She and her family have used the driveway openly and continuously to access their property since that time without any complaints by the various occupants of the property at 77-79 Winthrop Street.

It is very common for property owners to share driveways in the plaintiff's neighborhood, and there was no inquiry about the ownership or use of the driveway in question before 2009. At one point, the previous owners of 77-79 Winthrop Street asked the plaintiff's mother to pave a portion of their backyard when the plaintiff's mother decided to pave the back area of her own property. These neighbors compensated the plaintiff's mother for this work.

The defendant purchased the two family property at 77-79 Winthrop Street in February, 2008. During the first two years he owned the property, there were no issues with the plaintiff or her use of the driveway. The

defendant first became upset with the plaintiff's use of the driveway in December, 2009, when the plaintiff did not contribute to snow removal. During the summer of 2010, he became upset further when a vehicle using the driveway to access the plaintiff's property allegedly drove recklessly and played loud music, and when someone allegedly damaged a retaining wall on the defendant's property. After conducting a property survey and discovering that he owned the land on which the driveway is located, the defendant erected a fence across the back of the driveway, blocking access to the plaintiff's parking area and garage. Since that time, the plaintiff's sister, the sister's fiancé and the plaintiff's tenants have parked on the street or in a municipal parking garage.

The plaintiff filed a three count complaint in March, 2011, alleging prescriptive and express easements over the defendant's driveway and seeking damages based on the defendant's alleged wilful, wanton and malicious conduct. The defendant filed an answer and special defenses to the plaintiff's complaint, alleging that if an express easement existed in the defendant's property deeds, it was unenforceable for ambiguity, and that the plaintiff forfeited any such rights through excessive use of the driveway. The defendant filed a counterclaim against the plaintiff and sought monetary damages for trespass and nuisance; he also sought to quiet title pursuant to General Statutes § 47-31.

A trial to the court was held on July 20, 2011. The plaintiff, her mother and her sister testified regarding their use of the driveway over the past thirty-five years. The defendant testified that he did not have any knowledge of a reference to a shared driveway in his property deed. The defendant did not offer any witnesses to contradict the plaintiff's claimed usage of the driveway, but rather claimed that the use was permissive.

On the basis of the evidence presented at trial, the court determined that the plaintiff had established a prescriptive easement pursuant to General Statutes § 47-37 by a preponderance of the evidence and that the defendant had not demonstrated a forfeiture of those rights.[1] The court determined that neither party had clearly established the metes and bounds of the easement in dispute and, therefore, the court determined the scope of the easement when it determined that the plaintiff had proven her claim of an easement by prescription and when it adjudicated the defendant's action to quiet title. The court defined the easement as consisting of the "concrete driveway and wheel tracks existing on the eastern side of the [defendant's] property, 77-79 Winthrop Street and so much of the bituminous pavement north of the driveway and wheel tracks as extends to the opening of the parking area and entrance to the garage, both located on the western side of the [plaintiff's] property, 75 Winthrop Street, so as to allow access to the [plaintiff's] parking area and garage."[2] This appeal followed.

I

The defendant first claims that the court improperly concluded that the plaintiff had acquired an easement by prescription over the defendant's driveway. Specifically, the defendant maintains that the plaintiff did not

_____

[1] On the basis of testimony and exhibits submitted to the court, the court concluded that the language in the warranty deeds in the defendant's chain of title was too ambiguous to create an express easement in the plaintiff. The court further concluded that because the plaintiff had a right-of-way over the defendant's driveway, the defendant's claim of trespass "must fail" and found in favor of the plaintiff as to the defendant's claim of nuisance. Neither the defendant nor the plaintiff appeals from the denial of these claims or the denial of attorney's fees or costs to either party.

[2] Ownership of the property on which the driveway is located is not disputed on appeal, as neither party takes issue with the trial court's decision establishing the boundaries of the defendant's property and vesting title to the driveway in the defendant.

establish that her predecessors in title had used the driveway under a claim of right for the required statutory period, but rather did so permissively. We disagree.

This appeal presents a mixed question of law and fact. "Whether a [right-of-way] by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. . . . When the factual basis of a trial court's decision [regarding the existence of a prescriptive easement] is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Slack* v. *Greene*, 294 Conn. 418, 426–27, 984 A.2d 734 (2009).

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Waterbury* v. *Washington*, 260 Conn. 506, 576, 800 A.2d 1102 (2002). We therefore review the facts found by the trial court under a clearly erroneous standard. We must also undertake, however, a plenary review of the court's legal conclusion that

the facts that appear in the record support the establishment of a prescriptive easement pursuant to § 47-37.

We begin our analysis by setting forth the requirements for establishing a prescriptive easement. Section § 47-37 provides: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."

"In applying [§ 47-37] . . . [a] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years, and made *under a claim of right.*"[3] (Emphasis added; internal quotation marks omitted.) *Slack* v. *Greene*, supra, 294 Conn. 427; see also *St. Germain* v. *Hurd*, 128 Conn. App. 497, 501–502, 17 A.3d 516 (2011). A party seeking an easement by prescription must demonstrate these requirements by a "fair preponderance of the evidence." *McCullough* v. *Waterfront Park Assn., Inc.*, 32 Conn. App. 746, 753, 630 A.2d 1372, cert. denied, 227 Conn. 933, 632 A.2d 707 (1993).

"There can be no claim of right unless the use is unaccompanied by any recognition of [the] right [of the owner of the servient tenement] to stop such use. [Thus, a] use by express or implied permission or license cannot ripen into an easement by prescription." (Internal

---

[3] We note that the phrase "under a claim of right" is not part of the statutory language of § 47-37. This language, however, has been consistently added by our Supreme Court and Appellate Court case law. See, e.g., *Slack* v. *Greene*, supra, 294 Conn. 427; *Reynolds* v. *Soffer*, 190 Conn. 184, 188–89, 459 A.2d 1027 (1983); *Klar Crest Realty, Inc.* v. *Rajon Realty Corp.*, 190 Conn. 163, 167–68, 459 A.2d 1021 (1983); *Andrzejczyk* v. *Advo System, Inc.*, 146 Conn. 428, 431–32, 151 A.2d 881 (1959); *St. Germain* v. *Hurd*, 128 Conn. App. 497, 501–502, 17 A.3d 516 (2011); *Wadsworth* v. *Zahariades*, 1 Conn. App. 373, 376, 472 A.2d 29 (1984). We therefore find it necessary to do the same, particularly since the word "adverse" in § 47-37 can reasonably be equated with the words "under a claim of right."

quotation marks omitted.) *Bean-Corveira* v. *Milton D. Friedman, Inc.*, 83 Conn. App. 826, 830, 851 A.2d 380, cert. denied, 271 Conn. 909, 859 A.2d 560 (2004). "In Connecticut, although the burden of proof is on the party claiming a prescriptive easement . . . there is no presumption of permissive use to be overcome." (Citation omitted.) *Reynolds* v. *Soffer*, 190 Conn. 184, 188, 459 A.2d 1027 (1983). "When the defendant raises permission by way of a special or affirmative defense, the burden of proof rests on the defendant . . . who must prove the special defense by a fair preponderance of the evidence." (Citation omitted.) *Zabaneh* v. *Dan Beard Associates, LLC*, 105 Conn. App. 134, 140, 937 A.2d 706, cert. denied, 286 Conn. 916, 945 A.2d 979 (2008).

The court found, based on testimony presented by the plaintiff's witnesses, that the plaintiff, her predecessors in title and occupancy, and the prior and current tenants of the property at 75 Winthrop Street had used the driveway located on the defendant's property openly and visibly since 1974, under a claim of right.[4] The defendant admits that the plaintiff and her predecessors' use of the driveway was open and visible, but contends that it was permissive. He argues that the court erroneously based its finding that the plaintiff

[4] The plaintiff did not reference a specific statute in her complaint, simply alleging that she had established the elements necessary for an easement by prescription over the defendant's driveway. In its memorandum of decision, the trial court inferred that the plaintiff brought her claim pursuant to § 47-31, which relates to quiet title claims and is not involved in this appeal. In reaching its decision, however, the court correctly applied the language of § 47-37. As the briefs of both parties treat the issues involved in this appeal pursuant to § 47-37, with particular emphasis on whether the plaintiff proved by a preponderance of the evidence that she used the property under a claim of right, we attribute the court's reference to § 47-31 as a scrivener's error and evaluate the claim of a prescriptive easement under § 47-37. See, e.g., *State* v. *Hilton*, 45 Conn. App. 207, 208 n.2, 694 A.2d 830, cert. denied, 243 Conn. 925, 701 A.2d 659 (1997), cert. denied, 522 U.S. 1134, 118 S. Ct. 1091, 140 L. Ed. 2d 147 (1998).

and her predecessors used the driveway under a claim of right solely on the fact that "the [prior] owners of 77-79 Winthrop Street asked [the plaintiff's] parents to have a portion of its backyard paved in asphalt along with their own and reimbursed them for this expense."

The trial court's finding that the defendant's predecessors in title contributed to the cost of paving a small portion of their own backyard indicates that the plaintiff's parents recognized that the area being paved, which contained the back parking lot and part of the driveway, was located on the defendant's property. As the paved area did not include a majority of the driveway, but rather "a little gap . . . a step up onto their concrete," it is largely irrelevant to the claim of a prescriptive easement. The cooperation between owners for the payment of asphalt does not, therefore, negate the plaintiff's claim of right, as it did not amount to permission by the prior owners of the defendant's property to use the driveway. Furthermore, the defendant offered no evidence to demonstrate what part of the driveway was paved by the plaintiff, or how this contribution amounted to an acknowledgement of the defendant's right to control or restrict the plaintiff's use of the entire driveway.

The defendant presented only his own testimony regarding his limited knowledge of the prior use of the driveway by the plaintiff's predecessors. The trial court specifically found that "there was no credible evidence of any express or implied permission or license given by the owners of 77-79 Winthrop Street during the time of ownership by the plaintiff or her parents, dating back to 1974. Neither was there evidence sufficient to establish 'neighborly accommodation,' which might negate a prescriptive easement." In light of the record as a whole, the trial court reasonably could have concluded that the defendant failed to prove permissive use by a preponderance of the evidence.

The defendant further maintains that the plaintiff did not satisfy her burden of proof to establish use of the driveway under a claim of right. "The requirement that the [use] must be exercised under a claim of right does not necessitate proof of a claim actually made and brought to the attention of the owner . . . . It means nothing more than a [use] as of right, that is, without recognition of the right of the landowner, and that phraseology more accurately describes it than to say that it must be under a claim of right. . . . [When] there is no proof of an express permission from the owner of the servient estate, on the one hand, or of an express claim of right by the person or persons using the way, on the other, the character of the [use], whether adverse or permissive, can be determined as an inference from the circumstances of the parties and the nature of the [use]. . . . A trier has a wide latitude in drawing an inference that a [use] was under a claim of right." (Citation omitted; internal quotation marks omitted.) *Slack* v. *Greene*, supra, 294 Conn. 428.

It is well established that evidence that the party claiming a prescriptive use never asked for nor was given permission to use the property will support a finding that the use was made under claim of right.[5] See, e.g., *Gallo-Mure* v. *Tomchik*, 78 Conn. App. 699, 707–708, 829 A.2d 8 (2003); *McManus* v. *Roggi*, 78 Conn. App. 288, 295–97, 826 A.2d 1275 (2003) (plaintiff's testimony that "she never asked for permission to use" property in dispute supported trial court's conclusion

---

[5] Although the plaintiff also alleged an express easement in her complaint, the trial court determined that this did not necessarily defeat adversity because the language in the warranty deeds in the defendant's chain of title did not unambiguously grant such an express easement. Even in a case where the use of servient property began as the result of an ineffective grant, "that fact does not negate its adverse character but tends rather to emphasize that it was made under a claim of right." *Klein* v. *DeRosa*, 137 Conn. 586, 589, 79 A.2d 773 (1951). Thus, the plaintiff's allegation that an express easement existed is not sufficient to undercut her claim of right.

that use was adverse). The fact finder's determination that the servient estate was used under a claim of right will be sustained unless that determination is manifestly unsupportable. See *Gregory's, Inc.* v. *Baltim*, 142 Conn. 296, 299–300, 113 A.2d 588 (1955).

"It is familiar law that [it is] for the trial court to weigh the evidence and [to] determine the credibility of the witnesses. This court cannot and will not weigh the evidence contained in the record before us. . . . If there is sufficient evidence in the record in support of the decision of the trial court such decision must be affirmed. . . . We [therefore] cannot second-guess the trial court's assessment of the credibility of the witnesses . . . . It is the trial court [that] had an opportunity to observe the demeanor of the witnesses and parties; thus, it is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom." (Internal quotation marks omitted.) *Slack* v. *Greene*, supra, 294 Conn. 430–31.

During the trial, the plaintiff offered testimony to support her claim of an easement by prescription. The plaintiff's sister testified that "[t]here was never any question of who the driveway belonged to. . . . It was just a driveway that was there that both used commonly. . . . It wasn't a neighborly arrangement, there was never any discussion as far as the driveway. It existed, we used it and that was never a problem."[6] The plaintiff's mother also indicated that she had not used the driveway as a result of a friendly accommodation by the defendant's predecessors, but that "[t]he driveway was one and we had a right to go. That's it."[7]

---

[6] The court's decision granting an easement partially relied on the testimony of the plaintiff herself, although this testimony was mistakenly attributed in its memorandum of decision to the plaintiff's sister, who also testified. This erroneous attribution did not, however, affect the credibility of the plaintiff's testimony.

[7] The plaintiff's mother further testified:

"Q. And you got along with [the neighbors] regarding the use of the driveway, didn't you?

The foregoing testimony established that the plaintiff and her predecessors did not ask for, nor were ever given permission to use the defendant's driveway, but rather had used it under the belief that it was their right to do so. The trial court found this testimony to be credible, and there is sufficient evidence in the record to support its conclusion that the plaintiff's use of the defendant's driveway was open, visible and under a claim of right for the prescribed statutory period. No fact on which the finding of a prescriptive easement was based is shown to have been clearly erroneous. In light of the record as a whole, the court properly applied the facts found to the requirements of § 47-37 in determining that the elements necessary for establishing an easement by prescription had been met by a preponderance of the evidence.

## II

We next address the defendant's claim that the trial court improperly denied his motion to sequester the plaintiff's witnesses. The defendant argues that because all of the plaintiff's witnesses testified about their use of the driveway over the past thirty-five years, it was more probable than not that the testimony of any one witness, when heard by the others, would cause another witness to corroborate falsely the testimony of a prior witness, and thereby affect the conclusion of the court

"A. We never have problem with the driveway. I never mention about the driveway.

"Q. And is it fair to say, ma'am, that your use of the driveway was accomplished by means of the neighborly, friendly relations you had with the neighboring property?

"A. No. No. The driveway was one and we had a right to go. That's it.

"Q. You were invited to go? I'm sorry.

"A. You got the driveway to go on the driveway because the driveway is one and I have no choice to go in and out of the driveway.

"Q. And that's because the people who owned the property on which the driveway was located let you do that. Correct?

"A. No. It's because it's one driveway. We have the right to go."

that the plaintiff had established an easement by prescription. The defendant maintains that the court abused its discretion when it denied his motion to sequester. We disagree.

"Sequestration of witnesses . . . is not demandable as a right but rests in the discretion of the trial court. . . . The court's action is subject to review and reversal for abuse of discretion." (Citations omitted.) *State* v. *Pikul*, 150 Conn. 195, 199–200, 187 A.2d 442 (1962). In reviewing whether there was an abuse of discretion, every reasonable presumption in favor of the trial court's ruling must be made. See *Wyszomierski* v. *Siracusa*, 290 Conn. 225, 233, 963 A.2d 943 (2009).

"In a civil proceeding, a court has the discretion to sequester any witness, including a party, if (1) seasonably requested, (2) specific and supported by sound reasons, and (3) false corroboration would probably result." (Internal quotation marks omitted.) *In re Christopher A.*, 22 Conn. App. 656, 663, 578 A.2d 1092 (1990). Although sequestration is requested more frequently in criminal trials, there should be no distinction in its application between civil and criminal cases. See 6 J. Wigmore, Evidence (6th Ed. 1976) § 1839, p. 470.

In the present case, the court found that the defendant's motion to sequester was filed in a timely fashion, but nonetheless denied his request because the defendant did not demonstrate a "good faith reason" that false testimony was likely, and noted that sequestration in civil cases is not typical. The defendant argues that the trial court stated the law incorrectly when it indicated that sequestration in civil cases is "very unusual."

The question, however, is not whether sequestration is more or less likely depending upon whether the underlying action is civil or criminal, but whether the rationale for sequestration has been satisfied. Although the court stated that sequestration is unusual in the

civil context, it did not base its denial of the defendant's motion on that conclusion as a matter of law. Instead, the court explained that there was no reason to believe that the plaintiff's witnesses would testify falsely, and any such tailoring could be addressed through cross-examination of the plaintiff's witnesses.

Furthermore, the defendant has not pointed to any evidence in the record establishing that false corroboration actually resulted from the denial of his motion to sequester. The plaintiff and her witnesses were related by blood and had many occasions over a long period of time prior to trial to discuss the usage of the driveway. It is unlikely that hearing the testimony of the same people in a courtroom would be likely to change the testimony of any of the witnesses. The court was entitled to exercise its discretion in assessing the credibility of the witnesses, particularly given the defendant's ability to cross-examine any witness. We conclude, therefore, that the court did not abuse its discretion in denying the defendant's motion to sequester.

The judgment is affirmed.

In this opinion the other judges concurred.